## SELIGMAN & HOUGHTON v. MARY WILSON.

(No. 872, Op. Book No. 2, p. 50.)

APPEAL from Travis County. Opinion by WALKER, R. S., P. J.

§ 895. *Assignment of error.* A ground of error not distinctly specified in reference to that which is shown in the record, or not specified at all, will be considered as waived. [Rules Sup. Ct. 24 and 25; Rule 22, 32 Tex. 812.]

§ 896. *Fraudulent title; valid, except as to creditor, etc.* "The title of a fraudulent grantee is not only good against the debtor, but it is also good against all parties except creditors and their representatives. It is voidable only at the suit of creditors, and if no creditor interposes and complains, the transfer is as binding and effectual to pass the title as if made with the best intents and for the most innocent and commendable purposes." [Bump on Fraud. Conv. 451; 29 Barb. 105.]

§ 897. *Charge; must be warranted by the evidence.* It is error to give a hypothetical charge, when there is no evidence conducing to prove the facts upon which it is predicated. [Hampton v. Dean, 4 Tex. 455; Lee v. Hamilton, 12 Tex. 413; Earle v. Thomas, 14 Tex. 583; Dodd v. Arnold, 28 Tex. 97.] And although the instruction may

be correct as an abstract proposition, yet if it is calculated to mislead the jury as to the true issues to be found, the judgment will be reversed. [McGreal v. Wilson, 9 Tex. 426; Lee v. Hamilton, 12 Tex. 413.]

§ 898. *Charge requested; refusal of, justified when.* The refusal of an instruction, correct in itself as an abstract proposition, may be justified on the ground that it goes beyond the particular case made by the evidence. [Davis v. Loftin, 6 Tex. 489; Case v. Jennings, 17 Tex. 661; Thompson v. Shannon, 9 Tex. 536; Haggerty v. Scott, 10 Tex. 525.]

May 6, 1880.                              Affirmed.