Alberta BEGGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 57346.

Court of Criminal Appeals of Texas, Panel No. 1.

April 16, 1980.

**376**

M. P. Duncan, III, Decatur, for appellant.

Jerry W. Woodlock, Dist. Atty., Gainesville, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

ROBERTS, Judge.

This appeal presents some questions about the defense of mistake of fact in a prosecution for injury to a child. The appellant and her step-daughter were charged with burning the appellant's granddaughter RMB in hot bathwater. The appellant was tried separately from her step-daughter. The appellant admitted helping her step-daughter punish RMB by administering the bath which scalded RMB. Her defense was that she did not know that the bathwater was hot enough to cause injury, the water having been drawn by her step-daughter before the appellant came into the bathroom to help bathe RMB. She thought RMB was being given a normal bath. (According to the appellant, RMB so hated to bathe that a normal bath was punishment to her.) The jury found the appellant guilty and assessed a punishment of ten years' confinement. The appellant assigns as error the trial court's instruction to the jury on the defense of mistake of fact.

### I.

We are met at the threshold by the State's argument that the appellant was not entitled to any instruction on mistake

of fact. The argument is based on a comparison of the injury to a child statute (V.T.C.A., Penal Code, Section 22.04) with other assault statutes in chapter 22. At the time in question the injury to a child statute read, "(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence *engages in conduct that causes* serious bodily injury," etc. (emphasis supplied). The State contrasts this language with the general form of Sections 22.01–.03 that a person commits an offense if he intentionally or knowingly *causes* bodily injury.[1] The difference between Section 22.04 and the other statutes means, according to the State's brief, "that Appellant was not entitled to any instruction on the defense of Mistake of Fact as to how hot the water was, as there was no mistake of fact involved in Appellant intentionally and knowingly engaging in the conduct that caused the serious bodily injury to [RMB]. * * * The Section involved says that if you engage in the conduct that causes serious bodily injury, you have committed the offense." We cannot agree with this argument.

To begin with, the argument does not take into account the difference in the origins of the injury to a child statute (Section 22.04) and the other statutes. As drafted by the State Bar Committee on Revision of the Penal Code, Chapter 22 of *Texas Penal Code: A Proposed Revision* (Final Draft 1970) did not contain a separate offense of injury to a child. The addition to the 1973 Penal Code of the injury to a child statute was intended to preserve Article 1148a of the former Penal Code (1971 Texas General Laws, Chapter 911, Section 1). Searcy & Patterson, "Practice Commentary," 2 Vernon's Texas Codes Annotated—Penal Code 582 (1974). *See generally Phillips v. State*, 588 S.W.2d 378, 382 (Tex.Cr.App.1979) (Clinton, J., dissenting). Former Article 1148a read, in part:

---

1. All four statutes since have been amended, but the language material to this opinion has not changed.

"(a) No person or parent of a child may intentionally maim, disfigure, or batter a child who is 14 years of age or younger or engage in conduct which by omission or commission is intended to cause physical injury to, or deformity or deficiency in, a child who is 14 years of age or younger."

Several terms in Section 22.04 were derived from Article 1148a. One of them was the phrase "14 years of age or younger." Although the phrase is unique in the Penal Code, which elsewhere uses the form "younger than __ years,"[2] it "does not make sense" to conclude that this unique phrase implies a different legislative intent. *Phillips v. State*, 588 S.W.2d 378, 380 (Tex. Cr.App.1979). Neither would it make sense to conclude that, by retaining the phrase "engages in conduct," the Legislature intended to focus the statute on the nature of a suspect's conduct rather than on the harm which the statute seeks to prevent. "Sections 22.01 and 22.02 change the focus of criminal assault from the use, attempted use, or threat to use violence with intent to injure another, [former] Penal Code Art. 1138, to the causing of the harms the assault offenses seek to prevent." State Bar Committee on Revision of the Penal Code, *Texas Penal Code: A Proposed Revision* 175 (Final Draft 1970). Section 22.03 also is focussed on the result of a suspect's conduct. The significance of Section 22.04 is that it adds a stiffer penalty if the victim of an assault is a child. *See* Searcy & Patterson, "Interpretive Commentary," 2 *Vernon's Texas Codes Annotated—Penal Code* 582 (1974). The vestigial differences in phrasing between Section 22.04 and the other assault statutes would not justify the conclusion that Section 22.04 should have an entirely different focus. We hold that, notwithstanding the phrase "engages in conduct that," Section 22.04 is focussed on the result of the suspect's conduct. This is important because it determines the definitions of the culpable mental states, which in turn affect the defense of mistake of fact.

The statutory definitions of culpable mental states[3] distinguish among the nature of conduct, the circumstances surrounding conduct, and the result of conduct. State Bar Committee on Revision of the Penal Code, *Texas Panel Code: A Proposed Revision* 42 (Final Draft 1970). Because injury to a child focuses on the result of the suspect's conduct, the allegation in the indictment that the appellant did "[1] intentionally and [2] knowingly engage in conduct that caused serious bodily injury" was an allegation (1) that it was her conscious objective or desire to cause serious bodily injury and (2) that she was aware that her conduct was reasonably certain to cause serious bodily injury. See V.T.C.A., Penal Code, Section 6.03(a) & (b). This in turn affects the defense of mistake of fact.

"It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the of-

---

2. See V.T.C.A., Penal Code, Secs. 8.07, 9.61, 20.02, 21.09, 21.10, 21.11, 25.03, 25.04, 25.05, 25.06 (1977 Tex.Gen.Laws, ch. 413, sec. 1), 25.-07, 43.05, 43.24, & 43.25.

3. "(a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.
"(b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.
"(c) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. * * *
"(d) A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. * * *"
V.T.C.A. Penal Code, Sec. 6.03.

fense." V.T.C.A., Penal Code, Section 8.02(a). By "kind of culpability" is meant "culpable mental state." *See* Searcy & Patterson, "Practice Commentary," 1 *Vernon's Texas Codes Annotated—Penal Code* 213 (1974). Therefore the appellant was entitled to an instruction on the defense of mistake of fact if there was evidence that through mistake she formed a reasonable belief about a matter of fact and her mistaken belief would negate a conscious objective or desire to cause serious bodily injury (intent) or an awareness that her conduct was reasonably certain to cause serious bodily injury (knowledge). Her testimony that she mistakenly believed that the temperature of the bathwater was normal, was sufficient to entitle her to an instruction on the defense of mistake of fact.

## II.

The trial court instructed the jury on the defense of mistake of fact in the following terms: [4]

"It is a defense to prosecution that the defendant through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

"Now, therefore, if you find and believe from the evidence beyond a reasonable doubt that the defendant committed the offense of injury to a child as alleged in the indictment, but if you further find, or have a reasonable doubt thereof, that the defendant through mistake formed a reasonable belief about a matter of fact which mistaken belief negated the kind of culpability required for the commission of the offense, you will acquit the defendant of the offense charged in the indictment and say by your verdict 'not guilty.'

"By the term 'culpability' as hereinbefore used is meant the culpable mental states as defined in Paragraphs 2(A) and 2(B) above."

The appellant objected to the instruction on the ground that "it fails to specify the mistake of fact alleged and testified to by the Defendant and replaces the same with a general definition of mistake of fact, thereby preventing the Jury from finding affirmatively on a defensive issue raised by the Defendant." The appellant also submitted a requested charge in the following terms: [5]

"It is a defense to this prosecution if the Defendant through mistake formed a reasonable belief about a matter of fact if her mistaken belief negated the kind of culpability required for commission of the offense charged.

"The term 'reasonable belief' means a belief that would be held by an ordinary and prudent person in the same circumstances as the Defendant.

"Therefore, if you believe from the evidence beyond a reasonable doubt that the Defendant committed the acts alleged, but you further believe, or you have a reasonable doubt thereof, that, at the time of the alleged acts, she had through mistake formed a reasonable belief about a matter of fact *to-wit: that the water in question was not hot to the extent to cause serious bodily injury as that term has been heretofore defined*, and that said mistaken belief negated the culpability required for the commission of the offense, as stated in Paragraph 3 of this charge, you will find the Defendant not guilty.

"But if you belive [sic] beyond a reasonable doubt that the Defendant had not through mistake formed a reasonable belief about a matter of fact, to-wit: that the water in question was not hot to the extent to cause serious bodily injury, or that such belief did not negate the kind of culpability required for the commission

---

4. This instruction substantially follows W. Morrison & T. Blackwell, *Willson's Texas Criminal Forms Annotated*, Sec. 85.02 (8th ed. [8 Texas Practice] 1977).

5. The requested charge substantially follows State Bar of Texas, *Texas Criminal Pattern Jury Charges* 8.02 (1975) (emphasis supplied).

fo [sic] the offense, as stated in Paragraph 3 of this charge, you will find against the Defendant on this defense."

The appellant argues that the trial court erred in refusing to apply the law to the facts in its instruction on the defense of mistake of fact.

V.A.C.C.P., Article 36.14 requires that, "the judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case; . . . ." This principle early was held to require the court in its instructions to apply the law to the very facts of the case before it. *See Atkinson v. State*, 20 Tex. 522 (1857).[6] As the court explained in *Marshall v. State*, 40 Tex. 200, 202–203 (1874):

> "If this charge is proper in this case, it would be equally so in every other case of [this kind], however variant the facts might be from those in this. It is not contemplated that the purpose of the charge is to educate the jury to a knowledge of the general principles of law relating to an offense of this kind, as is done by a law lecture upon the subject, whether quoted from the code or from standard elementary authors. Rather it is expected that the judge, upon due consideration, shall anticipate the conclusion as to the facts to which the jury might properly arrive from the evidence before them, and instruct the jury as to what combination of such facts, if proved to their satisfaction, would amount to the offense charged in the indictment, and what combination of such facts (if they existed) would excuse or justify the defendant, or establish his innocence."

The failure of the charge to apply the law to the facts is "calculated to injure the rights of defendant" (V.A.C.C.P., Article 36.19) to a trial by jury; it deprives him of a neutral and unbiased application of the law, leaving that function to the partisan advocacy of opposing counsel in argument. *Williams v. State*, Tex.Cr.App., 547 S.W.2d 18 (1977). It may not be reversible error to apply the law to the facts in language different from the defendant's requested charge,[7] but the complete failure to apply the law to the very facts of the case despite an objection or requested charge is reversible error.

The courts of this state recognized early that this requirement applied to defensive issues as well as to the law of the offense. *See, e. g., Miles v. State*, 1 Tex.App. 510 (1877). That continues to be the law today. W. Morrison & T. Blackwell, *Willson's Texas Criminal Forms Annotated*, Section 80.01 at page 112 (8th ed. [8 Texas Practice] 1977); 31 Tex.Jur.2d *Instructions*, Section 111 (1962).

One of the earliest cases to apply this principle to a defense which today would be called mistake of fact was *Riojas v. State*, 9 Tex.App. 95 (1880).[8] The court remarked, "Although a charge to the jury pursues almost literally the words of the statute, yet if it fails to furnish such an exposition of the meaning and intent of the law as the facts and circumstances before the jury demand, it is erroneous." 9 Tex.App. at 96.

This principle seems to have been applied uniformly to instructions on the defense of mistake of fact under the Penal Code of 1925. *See* F. Erisman, *Manual of Reversible Errors in Texas Criminal Cases*, Section 717 (1956); W. Morrison & T. Blackwell, *Willson's Texas Criminal Forms Annotated*, Section 3589 (7th ed. [8 Texas Practice] 1966). Except for the form on which the

---

**6.** "The great jurists of England and America have never been able to devise a charge which would be applicable to every case. Indeed, so vain is the task, it has never been essayed." 20 Tex. at 529.

**7.** E. g., *Estrada v. State*, 422 S.W.2d 453, 454 (Tex.Cr.App.1968).

**8.** The defensive evidence is set out in *Riojas v. State*, 8 Tex.App. 49 (1880). A modern case indicating that the evidence would raise a defense of mistake of fact is *Green v. State*, 153 Tex.Cr. 442, 221 S.W.2d 612 (1949).

trial court relied in this case, the forms of instructions on the defense of mistake of fact in the present Penal Code apply the law to the very facts of the case. *See* P. McClung, *Jury Charges for Texas Criminal Practice* 251 (1979); State Bar of Texas, *Texas Criminal Pattern Jury Charges* 8.02 (1975).

The trial court's refusal to give a charge that applied the law of mistake of fact to the very facts of the case, over the appellant's objection and in the face of a properly requested charge, was reversible error. The judgment is reversed and the cause is remanded.