**Brenda CROUCH, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 12–83–0135–CR.**

Court of Appeals of Texas,
Tyler.

Feb. 14, 1985.

Supplemental Opinion on Denial of
Motion for Rehearing March 7, 1985.

John H. Hagler, Dallas, for appellant.

James Chapman, Dist. Atty's Office, Sulphur Springs, for appellee.

COLLEY, Justice.

Crouch was convicted by a jury on her plea of not guilty of injury to a child. The jury assessed her punishment at twenty-five years' confinement and a fine of $10,-000.

█ Crouch presents six grounds of error, contending (1) that the evidence is insufficient to support her conviction; (2) that the evidence is insufficient to prove that the grand jury used diligence to determine the object or instrument[1] used to inflict the injuries to the child; (3) that the trial court erred in excluding opinion testimony bearing on the issue of probation; (4)

that the court erred in refusing to charge the jury on the law of accident; (5) that the court erred in applying the law of the requisite culpable mental state to the facts herein; and (6) that the court committed reversible error in receiving evidence of "extraneous offenses" respecting certain injuries to the child. Our review of the record leads us to believe that the court below erred in refusing to affirmatively charge the jury on the defense of accident which was raised by the testimony of State's witness, Sammie Bedford, wherein she quoted certain statements made by Crouch to her. Bedford recounted oral statements made by Crouch to the effect that Crouch admitted injuring the child, John Bachman, also known as Jordan Crouch, a male then of the age of three and one-half months. Bedford further testified as follows:

> We [Crouch and witness] discussed that it had been reported [by Crouch] that one of the injuries had occurred when the car seat in which the child was riding in the car fell to the floorboard of the car when she stepped on the brakes.
>
> Another injury might have occurred when she [Crouch] fell or slipped as she was getting up from the rocker and fell on top of the child.
>
> Another injury occurred when she [Crouch] was bathing the baby in the sink and the child slipped and hit his head on the back of the sink.
>
> Another injury could have occurred as she was placing the child in the bassinet and again slipped and fell.

As is seen, this testimony raises the defense of accidental injury to the child. The court erred in refusing to submit the requested charge thereon. Crouch's fourth ground of error is sustained, and the judgment will be reversed, and the cause remanded for a new trial. *Montgomery v. State*, 588 S.W.2d 950, 953 (Tex.Cr.App. 1979); *Lynch v. State*, 643 S.W.2d 737, 738 (Tex.Cr.App.1983).

---

1. The indictment alleged that the "object" used to inflict the injuries was unknown to the grand jury.

Since Crouch challenges the sufficiency of the evidence to support her conviction, we must address her first ground of error.

The evidence shows that the child was placed by the Texas Department of Human Resources with Crouch and her husband, Jerry Crouch, for adoption. This placement occurred prior to December 13, 1982. On December 13, 1982, Crouch brought the child to Dr. Don M. O'Neal, a Sulphur Springs physician, who testified that he performed a routine new-born examination of the child who was then approximately two and one-half months of age. O'Neal testified that his examination revealed that the child was a normally developed child for the attained age. Dr. O'Neal further testified that he next saw the child in the emergency room of the hospital in Sulphur Springs when Crouch again brought the child in on January 8, 1983; that the child was "abnormal in his posturing" and had abnormal movement of his eyes. Dr. O'Neal also testified that the child was "postictal," that is, in "a neurological state immediately following a convulsion." The child was immediately transferred by ambulance to the Children's Medical Center in Dallas.

Dr. Paul Prescott, a pediatrician at Southwestern Medicial School and Children's Medical Center, a teaching hospital for the medical school, gave detailed testimony about the injuries which his examination revealed had been inflicted on the three and one-half month old infant. Dr. Prescott testified that the injury to the child's head was produced by a tremendous force, equivalent to a fall from a distance of twenty-five to thirty feet on a hard surface or being struck by a baseball pitch travelling at one hundred miles per hour. The head injuries, in Prescott's opinion, will probably cause permanent vision loss, and may have affected the child's intellectual capacities. Prescott testified that the child had suffered a minimum of four and a maximum of seven fractures to the tibia in both legs at or near the ankle joint and that in his opinion such injuries were caused by a "twisting" or "shearing" force because the ankle joint had been literally "torn off

the bone." Prescott testified, in reference to such injuries, that a child of three and one-half months of age is not mobile, is unable to walk or crawl or move about at all, and further, that it is considered pediatrically impossible for a child of that age to receive such injuries accidentally. Prescott also testified that the femur of both legs had "chip" fractures and that from his examination he was unable to determine what type of object was used to cause the injuries to the child's body. The State's witness Bedford also testified that Crouch and her husband were interviewed by Bedford on January 26, 1983. During this interview, Crouch made the oral statements concerning the injuries to the child discussed earlier in this opinion. Bedford further testified that during the course of the interview, Crouch stated "that the first time she [Crouch] picked up [the child] and shook him she knew this was wrong but she couldn't stop. She knew she needed help."

Crouch argues that the conviction rests on "weak circumstantial evidence," and since the State did not produce the natural mother, or elicit testimony establishing the exact dates the child was in Crouch's custody, we should, in our review of this conviction, treat the case as one showing reasonable doubt of the sufficiency of the evidence to support the conviction. *See Schershel v. State*, 575 S.W.2d 548 (Tex.Cr. App.1979), cited by Crouch. *See also Carlsen v. State*, 654 S.W.2d 444, 448 (Tex.Cr. App.1983). The rule announced in *Schershel* and *Carlsen* becomes applicable only when the record affirmatively shows that the testimony of a witness not produced by the State is, first, available to the State and secondly, that such testimony would materially aid the jury in its determination of the guilt/innocence of the defendant. The record before us does not affirmatively show that the natural mother of the child was available to testify, or that she was aware of the date of the placement by the Department of Human Resources of the child with the Crouches for adoption. Furthermore, the evidence at trial shows that the

child was in the custody of Crouch between the dates of December 13, 1982, and January 8, 1983; and that the injuries were inflicted on the child during such period of time. We reject Crouch's contention that such rule of review announced in the last cited cases regarding the sufficiency of the evidence is applicable here.

■ In our determination of whether a rational trier of the facts could find that each essential element of the offense in this case has been established beyond a reasonable doubt, we are free, indeed, we are instructed to utilize, as a process of elimination, the analysis as to whether the circumstantial evidence produced before the jury is sufficient to exclude every reasonable hypothesis except the guilt of Crouch. *Carlsen v. State, supra* at 448, 449. The question then, under the evidence, is whether a reasonable hypothesis is shown that the husband of Crouch, who quite obviously had physical access to the child at the time the injuries were inflicted, was guilty of the conduct which produced the injuries to the child. In our grave consideration of this question, and all the evidence before us, we note that at the time of the injury the child was three and one-half months in age, he was immobile, unable to move about. We judicially note that the infant spent most of his days and nights either sleeping or eating. Under the evidence it is reasonable to believe that he suffered the injuries at the hands of either Crouch or her husband; otherwise, Crouch would have advised Dr. O'Neal on January 8, 1983, of the nature of the trauma which produced the injuries. Such conclusion is a reasonable inference from the evidence. Crouch admitted injuring the child, but stated, in effect, that the injuries were the result of repeated accidents. She carefully described separate mishaps to account for the injuries to the child's head and legs. She stated that she knew it was wrong to shake the child, but that she couldn't resist so doing, and that she knew she needed help. The testimony of the medical witnesses combined with Crouch's statements to Dr. O'Neal and Bedford form a sufficient basis to exclude the hypothesis that

Jerry Crouch injured the child. Thus we find that the circumstantial evidence is sufficient to exclude every reasonable hypothesis except the guilt of Crouch, and conclude that a rational trier of the facts could find that each element of the offense of the injury to the child was established beyond a reasonable doubt. We have studied *Pickering v. State*, 596 S.W.2d 124 (Tex.Cr.App. 1980), cited by Crouch, and do not regard it as controlling under the facts here presented. Ground of error one is overruled.

We will briefly address Crouch's grounds of error 2, 3, 5 and 6 in the event of a retrial.

■ Crouch urges under her second ground that the case should be reversed because the State failed to prove that the grand jury exercised due diligence in attempting to determine the object or instrument used by Crouch in the commission of the offense. Suffice it to say, that where the evidence adduced at trial fails to demonstrate, and in fact leaves uncertain the "means used or the precise cause [of the injuries] but creates no doubt [by such failure] that the [victim was injured] by acts of the accused, it [that the grand jury made diligent inquiry to discover the instrument or means used] is sufficiently proved." *Clark v. State*, 151 Tex.Cr.R. 383, 208 S.W.2d 637, 638 (1948).

■ By her third ground of error Crouch complains of the exclusion of opinion testimony respecting Crouch's candidacy for probation. Since the jury assessed confinement in excess of ten years, the jury did not reach or consider probation under the court's instructions. TEX.CODE CRIM. PROC.ANN. art, 42.12, sec. 3a (Vernon Supp.1984). Thus, the error, if any, was harmless.

■ Crouch argues under her ground five that the court's charge was erroneous because it did not properly "apply the law to the facts." The core of this argument seems to be that under the statutory defini-

tions[2] of "intentionally" and "knowingly" given in the charge, and the paragraph of the charge applying the law to the facts, the charge overall failed to "focus on the result of the alleged conduct by [Crouch]." Crouch contends that because of these shortcomings, the charge erroneously authorized the jury to convict her if the jury found that she intentionally or knowingly engaged in the *conduct that caused* the injuries, rather than authorizing the jury to convict her only if it found that she intentionally or knowingly *engaged in conduct to cause* the injuries. Crouch additionally claims that the portions of the statutory definitions of "intentionally" and "knowingly" relating to the nature of her conduct should not have been submitted. In support of both facets of her argument, Crouch cites *Beggs v. State,* 597 S.W.2d 375 (Tex.Cr.App.1980). *Beggs* does not support Crouch's position. In fact, the court's decision there, on a threshold issue, defeats Crouch's contentions. The Court of Criminal Appeals in *Beggs* reversed the conviction because the charge on the defensive issue of mistake of fact was altogether abstract and wholly failed to apply the law to the specific facts in the case. Before it reached the mistake of fact issue, however, the court rejected the State's argument that no charge on mistake of fact was required in child injury cases because the gist of the offense is *intentionally and knowingly engaging in conduct* that causes injury to a child, and not that a defendant intentionally and knowingly injured a child. Although the 1974 version of Section 22.04(a) of the Texas Penal Code was then before the court, and not the 1977 or 1979 versions,[3] the court noted such amendments in the opinion delivered April 16, 1980, and considered the language change in Section 22.04(a) made by these amendments would not affect its interpretation of such Section.[4]

Section 22.04(a), Texas Penal Code in place at the time of the offense in this case, defines the offense of injury to a child in virtually the same language except for provisions thereof not material to the question here presented. In *Beggs,* the Court of Criminal Appeals specifically held that an indictment alleging in the language of Section 22.04(a) then prevailing, "that [a defendant] did '[intentionally] and [knowingly] engage in conduct that caused serious bodily injury' was an allegation (1) that it was her conscious objective or desire to cause serious bodily injury [intentionally] and (2) that she was aware that her conduct was reasonably certain to cause serious bodily injury [knowingly]."

It is thus at once obvious that the decision in *Beggs* renders Crouch's argument meritless.

■ Finally, under her sixth ground of error, Crouch complains that the trial court erred in permitting testimony regarding "extraneous offenses (other injuries to the child)" over her objection. The evidence objected to did not relate to an extraneous offense at all; it was in fact evidence of the injuries to the child for which Crouch was brought to trial.

The judgment is reversed, and the case remanded for a new trial.

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

The State urges in its motion for rehearing that we erred in reversing the judgment because the failure of the trial court to instruct the jury on the issue of the voluntariness of Brenda Crouch's conduct cannot constitute reversible error. In support of this contention, the State cites, *inter alia, Dockery v. State,* 542 S.W.2d 644 (Tex.Cr.App.1975); *Williams v. State,* 630 S.W.2d 640 (Tex.Cr.App.1982); and *Schoel-*

---

2. Section 6.03(a) and (b), Texas Penal Code.

3. Acts 1977, 65th Leg. ch. 819, § 1, 1977 Tex. General Laws 2067, 2068, Acts 1979, 66th Leg. ch. 162, § 1, 1979 Tex. General Laws 365.

4. The 1974 version read, in part, "[a] person commits an offense if he intentionally, knowingly ... engages in conduct that causes...." The 1977 amendment reads, in part, "[a] person commits an offense if he intentionally, knowingly ... engages in conduct that causes to...."

*man v. State,* 644 S.W.2d 727 (Tex.Cr.App. 1983). In effect, the State argues that the Court of Criminal Appeals has stated, "If the issue [of the voluntariness of the defendant's conduct] is raised by the evidence, a jury *may be charged* that a defendant should be acquitted if there is a reasonable doubt as to whether he voluntarily engaged in the conduct of which he is accused." (Emphasis added.) *Williams v. State, supra* at 644.

Therefore, the State contends that while a trial court "may instruct" the jury on the issue of the voluntariness of a defendant's conduct, it is not mandated to do so even if the issue is raised by the evidence. The State claims that the law and defense of accident does not exist under the present penal code, citing *Williams v. State, supra.* The State contends that the defense of accident was eliminated when former Article 39, TEX.PENAL CODE ANN. (Vernon 1925), was repealed by the enactment of the 1973 penal code. We agree. However, that defensive issue was *replaced* with the requirements of Section 6.01,[1] reading in pertinent part: "A person commits an offense only if he voluntarily engages in conduct, including an act...."

■ We reject the State's contention that the failure of the trial judge in this case to instruct the jury on the defensive issue of voluntariness of Crouch's conduct which caused the injuries to the child, over Crouch's objection, does not constitute reversible error. It is clear, that where the evidence raises such issue of voluntariness, the trial judge commits reversible error in overruling defendant's objection to the charge on the ground that the charge contains no such instructions.[2] *Garcia v. State,* 605 S.W.2d 565, 566 (Tex.Cr.App. 1980).

We amend our opinion in this cause delivered on February 14, 1985, by substituting the phrase, "the defense of the voluntariness of Crouch's conduct which caused the injuries to the child," for the phrase utilized in the opinion of "the defense of accident" found on page 661 of the opinion.

The State's motion for rehearing is overruled.

---

1. All references to sections are to Texas Penal Code Annotated (Vernon Supp.1985) unless otherwise indicated.

2. See form of charge approved in *Simpkins v. State,* 590 S.W.2d 129, 134, 135 (Tex.Cr.App. 1979).