James Bryant TRAXLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–85–232 CR.

Court of Appeals of Texas, Beaumont.

June 18, 1986.

Roy E. Rowland, Houston, for appellant.

Peter Speers, III, Dist. Atty., Montgomery County, Conroe, for appellee.

## OPINION

BURGESS, Justice.

James Bryant Traxler was indicted for Injury to a Child, a violation of *TEX.PENAL CODE ANN. sec. 22.04* (Vernon Supp. 1986). A jury found him guilty and the court assessed punishment at five years confinement in the Texas Department of Corrections. Appellant has filed no statement of facts. He brings forth three grounds of error, each complaining of the indictment.

The indictment, in pertinent part, states:

> ... James Bryant Traxler hereinafter styled Defendant, on or about the 23rd day of February A.D. 1984, and before the presentment of this indictment, in the County and State aforesaid, did then and there recklessly engage in conduct that caused serious bodily injury to ..., a child younger than 14 years of age, to-wit: by bringing to and keeping at the home occupied by the said ..., a dog he knew to be vicious and dangerous to humans, which said dog caused serious bodily injury to ... by biting him about the head and neck, ...."

■ The first ground of error alleges the indictment is fundamentally defective because it fails to state every essential element of the offense charged. More specifically, he alleges the indictment fails to state the means by which the appellant allegedly caused serious bodily injury to the child. Appellant's argument is predicated on *TEX.PENAL CODE ANN. sec. 6.01(a)* (Vernon 1974), prior to its amendment in 1977. The old section stated:

> "A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession, in violation of a statute that provides that the conduct is an offense."

The amended section *TEX.PENAL CODE ANN. sec. 6.01(a)* (Vernon Supp.1986) states:

> "A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession."

The injury to a child statute does not specify the "nature of the conduct". The "nature of the conduct" is clearly inconsequential (so long as it is voluntary) to the commission of the crime. What matters is that the conduct (whatever it may be) is done with the required culpability to effect the result the legislature has specified. *Alvarado v. State*, 704 S.W.2d 36 (Tex.Crim. App.1985). Section 22.04 is focused on the result of conduct. *Beggs v. State*, 597 S.W.2d 375 (Tex.Crim.App.1980). Appellant's first ground of error is overruled.

■ Appellant's second ground of error alleges the indictment is fundamentally defective in that it failed to allege any duty that appellant had to protect the child from injury which was independently caused by the dog. Appellant relies upon *TEX.PENAL CODE ANN. sec. 6.01(c)* (Vernon 1974) which states:

> "(c) A person who omits to perform an act does not commit an offense unless a statute provides that the omission is an offense or otherwise provides that he has a duty to perform the act."

If the indictment had alleged an omission to perform an act, then the failure to allege a duty is a fundamental defect. *Lang v. State*, 586 S.W.2d 532 (Tex.Crim.App.1979). Here, the indictment does not allege omission, it clearly alleges an act that the jury obviously found to be reckless. This ground of error is overruled.

■ The final ground of error alleges the indictment is fundamentally defective in that it failed to allege the causative element of the offense charged. Appellant argues that the injury was caused by the

dog and the conduct of appellant in bringing to and keeping at the home a known vicious dog is an act insufficient to have produced the resulting injuries. In *Garrett v. State*, 619 S.W.2d 172 (Tex.Crim.App.1981), the court held that an animate object, such as a dog, could be the manner and means for accomplishing an assault. The only difference in our case is the culpability was reckless rather than intentional. The indictment was not fundamentally defective. Having overruled all grounds of error, the judgment of the trial court is affirmed.

AFFIRMED.