Ray MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 07-90-0155-CR.

Court of Appeals of Texas, Amarillo.

Aug. 6, 1991.

Rehearing Overruled Sept. 5, 1991.

W. Clay Abbott, Lubbock, for appellant.

Travis Ware, Dist. Atty., Michael West, Asst. Crim. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

REYNOLDS, Chief Justice.

A jury found appellant Ray Morales guilty of injury to a child, who sustained fatal head injuries while in appellant's possession, and assessed his punishment at sixty years confinement. He seeks a reversal and acquittal, or remand, because of the trial court's alleged errors in admitting his statement, failing to grant his motion to quash the indictment, overruling his objection to the charge, and failing to grant his motion for instructed verdict. On the rationale expressed, we will overrule appellant's four points of error and affirm the judgment.

The penal statute under which appellant was charged, tried and convicted provides in pertinent part:

(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, engages in conduct that causes to a child ...:

\* \* \* \* \* \*

(1) serious bodily injury;

\* \* \* \* \* \*

(e) An offense under Subsection (a)(1) ... of this section is a felony of the first degree when the conduct is committed intentionally or knowingly. When the conduct is engaged in recklessly it shall be a felony of the third degree.

\* \* \* \* \* \*

(g) An offense under Subsection (a) of this section when the person acts with criminal negligence shall be a Class A misdemeanor.

Tex.Penal Code Ann. § 22.04 (Vernon Supp.1991). The offense of injury to a child is a "specific result" crime for which the Legislature intended to punish the result of the defendant's conduct, not the conduct itself; thus, the defendant must perform the conduct with a culpable mental state intending to cause the *result* of the conduct. *Alvarado v. State,* 704 S.W.2d 36, 39 (Tex.Cr.App.1985); *Beggs v. State,* 597 S.W.2d 375, 377 (Tex.Cr.App.1980).

By its indictment, the State tracked the language of the statute in charging, in three counts, that appellant did: (I) "intentionally and knowingly engage in conduct that caused serious bodily injury to [the child], a child younger than 15 years of age by dropping the said [child];" (II) "intentionally and knowingly cause the death of an individual, [the child], by hitting the said [child] about the head with a hard object, the exact description of which is unknown to the Grand Jurors;" and (III) "intentionally and knowingly engage in conduct that caused serious bodily injury to [the child], a child younger than 15 years of age by shaking the said [child]." Pretrial, appellant unsuccessfully moved for a quashal of the indictment on the ground that it, in conformity with *Alvarado* and *Beggs,* did not allege he "intended and knew that serious bodily injury would result."

The trial court's failure to grant his motion to quash the indictment is the subject of appellant's second point of error. The point has been decided adversely to appellant's contention, for in *Beggs,* the Court of Criminal Appeals expressly held that the language of counts I and III in the indictment

was an allegation (1) that it was [appellant's] conscious objective or desire to cause serious bodily injury and (2) that [he] was aware that [his] conduct was reasonably certain to cause serious bodily injury.

597 S.W.2d at 377. It follows that since the indictment adequately alleged appellant intentionally and knowingly caused serious bodily injury to the child, *Brown v. State,* 725 S.W.2d 801, 809 (Tex.App.—Austin 1987), *vacated and remanded on another ground,* 761 S.W.2d 4 (Tex.Cr.App.1987), it was not subject to quashal on the ground appellant advanced. The second point of error is overruled.

■ As its evidence developed, the State's theory of prosecution was that appellant dropped the infant in a bath tub, resulting in severe internal head injuries from which the child died a few days later. In delivering its charge to the jury, the trial court defined, substantially in statutory language, the culpable mental states relating to the result of conduct which causes serious bodily injury, as cited in *Beggs,* 597 S.W.2d at 377 n. 3, and approved as correct in *Alvarado,* 704 S.W.2d at 39. Then, in the first application paragraph of the charge, which was followed by application paragraphs concerning the mental states of recklessness and criminal negligence, the court instructed that if the jury found beyond a reasonable doubt that appellant did

intentionally and knowingly engage in conduct that caused serious bodily injury to [the child], a child who is younger than fifteen (15) years of age, by dropping the said [child], then you will find the [appellant] guilty of the offense of injury to a child by engaging in conduct that intentionally and knowingly caused serious bodily injury to a child who is younger than fifteen (15) years of age and so say by your verdict.

Appellant objected to this application paragraph as misleading and a misstatement of the law under *Alvarado,* and requested that it be changed "from 'intentionally and knowingly engaged in conduct that caused,' to simply 'intentionally and knowingly

caused,' without the intervention of the legal language found in the statute." The court announced the objection would be considered overnight, but the record fails to show a ruling on the objection. By its verdict, the jury found appellant "guilty of the offense of injury to a child by intentionally and knowingly engaging in conduct that caused serious bodily injury to a child who is younger than fifteen (15) years of age, as charged in the indictment."

Appellant utilizes his third point of error to contend the court reversibly erred in overruling his objection to the first application paragraph of the court's charge. At the outset, the court's charge did, as it should, correspond with and incorporate the allegations of the indictment, *Benson v. State*, 661 S.W.2d 708, 713 (Tex.Cr.App. 1982), *cert. denied*, 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984), which, as previously held, were sufficient allegations of the offense of injury to a child. *Beggs v. State*, 597 S.W.2d at 377. And, as also previously noted, the court correctly defined the culpable mental states of intentionally and knowingly. *Id.* at 377 n. 3; *Alvarado v. State*, 704 S.W.2d at 39. Then, the court not only applied the law to the facts developed, as it must, *Beggs v. State*, 597 S.W.2d at 379, but focused the jurors' attention on the result of appellant's conduct with the explanation that if the jury had no reasonable doubt of the State's theory of prosecution, "you will find the [appellant] guilty of the offense of injury to a child by engaging in conduct that intentionally and knowingly caused serious bodily injury to a child ... and so say by your verdict."

The fact that the first application paragraph was not couched in the simplistic language appellant requested in making his objection is not, by itself, reversible error. *Id.* When the charge is treated as an entirety with regard for the connection and interdependence of its several parts, as it must be treated, the definitions of the culpable mental states of intentionally and knowingly are correctly incorporated into the charge's first application paragraph, as they must be, *Nickerson v. State*, 782 S.W.2d 887, 891 (Tex.Cr.App.1990), so that

the focus is on the result of appellant's conduct, not on the conduct itself.

Still, appellant argues that the application paragraph would allow the jury to find him guilty without "requiring a finding that he intended or knew that serious bodily injury would result." Even if it be reasonably arguable that the use of the statutory language in applying the law to the facts focused the jury's attention on the nature of appellant's conduct rather than on the result of his conduct, the jury was not presented with a conduct/result conundrum. A comprehensive review of the record reveals that by the voir dire examination, the evidence, and the jury arguments, the jury's attention was focused on whether appellant intended and knew his conduct would result in serious bodily injury to the child. It follows that the objected-to application paragraph was not harmful to appellant's rights. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App. 1984). Appellant's third point of error is overruled.

■ Prior to trial, appellant moved to suppress a written statement he made to a police officer. After hearing the evidence, the court overruled the motion and admitted the statement at trial over objection, but predicated its consideration on the jury's finding that after proper warnings of his rights, *i.e.*, the rights announced in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), appellant knowingly, intelligently and voluntarily waived those rights.

On appeal, appellant employs his first point of error to fault the court for admitting the statement, not because it was not voluntary, but because of a lack of knowing waiver of the rights of which he was inadequately informed. This obtains, appellant asserts, since the officer failed to advise him that he had the right to consult an attorney before any interrogation, and failed to advise him that an attorney would be appointed for him before any questioning if he desired, but could not afford, an attorney.

The State evidenced appellant's written statement containing the *Miranda* warnings, each of which was initialed by appellant. The requirement for the warnings applies to an "in custody" interrogation, *Robinson v. State*, 441 S.W.2d 855, 858 (Tex.Cr.App.1969), and before appellant was entitled to claim noncompliance with them vitiated his statement, he had the burden to prove he was in custody when he made the statement. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Cr.App.1986). Appellant did not discharge his burden.

The record reveals that appellant voluntarily went to the police station when told the officer would like to interview him in regard to the injuries sustained by the child. Prior to his interrogation, appellant, given an explanation of his rights which he challenges for inadequacy, was advised by the officer that he was not under arrest and was free to go at any time he wanted to go. The officer also told appellant that if the case was presented to the district attorney's office and charges were filed, the normal course would be the issuance of a warrant for his arrest. After appellant made and signed the statement, he left the police station. Appellant returned to the station twice—once to deliver a parking ticket placed on his car, and again to inform the officer of a detail not included in his statement—and left each time. Appellant has not taken issue with the record.

The recorded facts are more compelling than the markedly similar facts developed in *Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977), and *Meek v. State*, 790 S.W.2d 618 (Tex.Cr.App.1990), for holding that appellant was not in custody when he made and signed the statement. Each defendant in *Mathiason* and *Meek* was interrogated in an official's office at the official's invitation, made incriminating statements without having been warned of the *Miranda* rights, and was allowed to leave unmolested. Each was held not to be in custody when the statements were made. *Meek v. State*, 790 S.W.2d at 621–23.

Since appellant was not in custody when he made and signed the statement, it was not error to admit the statement into evidence, even though the *Miranda* warnings may have been inadequately articulated before his interrogation. *Meek v. State*, 790 S.W.2d at 622–23. Appellant's first point of error is overruled.

■ With his fourth point, appellant charges the court with error in failing to grant his motion for instructed verdict because of insufficient evidence to sustain the jury's verdict. The evidence is insufficient, appellant says, since the State failed to produce competent evidence to establish his state of mind at the time of the offense, and failed to disprove the exculpatory statements he made in his written statement.

■ By its verdict, the jury found that appellant acted intentionally and knowingly. He acknowledges that a defendant's mental state may be, and often must be, inferred from the evidence. Yet, he maintains the circumstantial evidence was such that no rational trier of fact could have determined whether he acted intentionally or recklessly. This situation particularly exists, appellant submits, because the State did not disprove the inculpatory statement he included in his written statement in these words: "I know what I did was wrong and I shouldn't have did [sic] that. I'm sorry it happened, I didn't mean to hurt him like that."

The difficulty with appellant's presentation of the point is twofold. First, he overlooks the fact that the State did not vouch for his credibility when it introduced his statement; therefore, the State did not have to disprove his statement that he "didn't mean to hurt [the child] like that." *Russeau v. State*, 785 S.W.2d 387, 390 (Tex.Cr.App.1990).

Second, appellant's claim of insufficient evidence, while citing authorities only for the standard of review and bearing on the "voucher" rule, is merely limited to conclusive statements, exemplified by these expressions: "In the instant case, the circumstantial evidence was such that no reasonable trier of fact could have determined whether Appellant acted intentionally or recklessly;" and "[t]he State in this case

offered no evidence to contradict those portions of Appellant's statement showing that he did not act intentionally." Parenthetically, it does not escape notice that the State's reply is no more enlightening, for other than a passing reference to appellant's recorded sometimes frustration with the child, the State's response is: "There is a great deal of evidence in this case on which a trier of fact could base his verdict as to the mental state of the appellant at the time of the offense."

Obviously, appellant's argument does not comport with Rule 74(f), Texas Rules of Appellate Procedure, which requires that his "argument shall include: (1) a fair, condensed statement of the facts pertinent to such points, with reference to the pages in the record where the same may be found; and (2) such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." His brief fails to designate or refer to any portion of the record other than his statement, and he cites no authority to show that the evidence before the jury was insufficient to support the jury's determination that he acted intentionally and knowingly.

Given this presentation, appellant has not properly raised the contention of insufficient evidence, *Mosley v. State*, 494 S.W.2d 557, 558 (Tex.Cr.App.1973), so as to show error harmful enough to require a reversal of his conviction. *White v. State*, 487 S.W.2d 104, 107 (Tex.Cr.App.1972). It is not our function to comb the four-volume statement of facts produced at the guilt-innocence phase of the trial to extract the evidence of appellant's intent, and then speculate why and under what theory appellant contends it is insufficient to support the jury's verdict. *Cook v. State*, 611 S.W.2d 83, 87 (Tex.Cr.App.1981). His fourth point of error is overruled.

The judgment is affirmed.