Wendell Clay **WILSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–89–00149–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 29, 1993.

Bob Wicoff, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

### OPINION ON REMAND

ROBERTSON, Justice.

On March 1, 1990, this court affirmed appellant's conviction. The court of criminal appeals granted petition for review and on June 19, 1991, reversed the judgment of this court and remanded for a harm analysis. 817 S.W.2d 64. The matter was pending in that court on state's motion for rehearing until May, 1993, when such motion was overruled. The case is now before us for a harm analysis.

Appellant was indicted for:

intentionally and knowingly engag[ing] in conduct that caused bodily injury to CRYSTAL GAIL WILSON, hereafter styled the complainant, a child younger than fifteen years of age, by spanking the complainant with a belt on her buttocks.

After the close of evidence, the trial judge gave the following instructions in his charge to the jury:

Our law provides that a person commits an offense if he intentionally or knowingly engages in conduct that causes bodily injury to a child who is fourteen years of age or younger.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Now if you believe from the evidence beyond a reasonable doubt that the defendant, Wendell Clay Wilson, in Harris County, Texas, on or about the 15th day of November, 1988, did then and there unlawfully and intentionally or knowingly cause bodily injury to Crystal Gail Wilson, a child younger than fifteen years of age, by spanking Crystal Gail Wilson with a belt on her buttocks, then you will find the defendant guilty as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

Neither appellant nor the state made objections to the charge; the prosecutor did request a charge on the lesser offense of reckless injury to a child, but upon objection by appellant, the judge refused the request.

On the original appeal to this court, appellant contended: 1) the evidence was insufficient to prove that it was his conscious objective or desire to *cause the injuries which resulted* to the complainant, or that he was aware that his *conduct was reasonably certain to cause the injuries which*

*resulted* (emphasis supplied) and 2) the trial court erred in failing to define intentionally and knowingly in a way sufficient to apprise the jury that such terms applied to the result of the appellant's conduct, rather than the conduct itself.

In our opinion we pointed out that it is not enough that a defendant intentionally or knowingly engaged in a certain type of conduct and we agreed with appellant's contention that "there must be evidence that the defendant intended the *result* of his conduct or that he knew his conduct was reasonably certain to cause the *result.*" However, even under this strict standard, we reviewed the evidence and found it sufficient to sustain the conviction.

On his second point of error, while we did not specifically so state, we recognized that according to *Beggs v. State,* 597 S.W.2d 375 (Tex.Crim.App.1980), the trial judge should have deleted from the definition of "intentional" and "knowing" references to the "engages in conduct" language. However, we looked directly to the application paragraph which made no reference whatever to "engaging in conduct" but instead required the jury, in order to convict, to find appellant did "intentionally or knowingly *cause bodily injury*" to the complainant "by spanking Crystal Gail Wilson with a belt on her buttocks." (emphasis supplied) Our reasoning then was, and is now, that since the application paragraph confined the jury's consideration to the "result" of appellant's conduct, the error was so inconsequential as to amount to no error. This would seem to be the dictated result since "the application paragraph of a jury charge is that which authorizes conviction, and an abstract charge on a theory of law which is not applied to the facts is insufficient to bring that theory before the jury." *Jones v. State,* 815 S.W.2d 667 (Tex.Crim.App.1991).

The court of criminal appeals disagreed and directed that we conduct a harm analysis in accordance with *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984).

*Almanza* dictates that where there was no objection to the charge, appellant will obtain a reversal only if the error created such harm that he "has not had a fair and impartial trial." To make this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and other relevant information revealed by the record of the trial as a whole."

We have already reviewed the charge as a whole in our above discussion. As we there stated, while the definitional portions of the charge on intentional or knowing contained the "engages in conduct" language, when the court applied the law to the facts, there was no reference to such portion of the law; rather the court required the jury to believe beyond a reasonable doubt that appellant intentionally or knowingly caused bodily injury to the complainant. We hold that by looking at the charge as a whole there is no basis for a finding that failure to delete references to the "engages in conduct" language from the definition of intentional and knowing denied appellant a fair and impartial trial.

Appellant did not bring forward a transcription of the voir dire examination of the jury. There is no indication, therefore, that there was any discussion on the "engages in conduct" language with the jury at that stage. We have examined the argument made by both appellant and the state and there was never a reference made by either to the "engages in conduct" language. In fact, in pointing out what he had to prove in order to warrant a conviction, the prosecutor stated "I have to prove that Wendell Wilson *caused bodily injury* by spanking Crystal Wilson with a belt. (emphasis supplied)

Finally, we have read all the evidence and there are no references to any evidence that appellant "engaged in conduct" that caused the result. As pointed out in our original opinion, appellant admitted that he made the complainant lie across the bed and that he gave her the most severe spanking he had ever given her; that he whipped her with a belt, and that he tried to prevent her from telling anyone about

the spanking by threatening her with further punishment.

After examining the record as dictated by *Almanza*, we conclude that the error in the definition of intentional and knowing was not so egregious and created such harm that appellant has not had a fair and impartial trial. Accordingly, we affirm the trial court judgment.