NUMBER 13-05-183-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

ELISA
ANN CHAPA,                                                 Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                   On appeal from the 36th District Court

                        of San Patricio County,
Texas.

 

 

 

                     MEMORANDUM OPINION

 

      Before Chief Justice Valdez and Justices
Rodriguez and Garza

Memorandum Opinion by
Justice Rodriguez

 








Appellant, Elisa
Ann Chapa, was charged with intentionally or knowingly causing serious bodily
injury to her youngest daughter (victim) by burning said child with a hair iron
and alternatively charged with recklessly causing serious bodily injury to the
victim by burning said child with a hair iron. 
See Tex. Pen. Code Ann. ' 22.04 (Vernon 2003).  A jury found appellant guilty of
intentionally or knowingly causing injury to a child.  The jury sentenced appellant to seven years= confinement in the Institutional Division of the
Texas Department of Criminal Justice and assessed a fine of $5,000.  By two issues, appellant contends the
evidence was factually and legally insufficient to support her conviction.  We reverse and remand for a new trial.

                                                                I.  Background








On May 19, 2004,
appellant brought the victim to Sinton Pediatric Clinic with a complaint of
burns the child received on the back of her left thigh and calf.  Appellant told the physician assistant that
she had been in the bathroom and heard the victim start crying, then ran to the
bedroom, found the child hunched over with a blanket around her legs, and found
that she had been burned to the back side of her leg by a hair
straightener.  The victim was sent to
Driscoll Children=s Hospital because of the physician assistant's
suspicions about how the burns occurred. 
In Driscoll=s emergency room, the victim was seen by Sivakumar
Padmanabhan, M.D., Valerie Curiel, a social worker on the Child Abuse and
Resource Evaluation team, and a forensic nurse examiner.  Curiel spoke with appellant and her husband
about what had happened.  Curiel did not
interview the victim at that time because she was nonverbal.  Appellant maintained the story that she had
told previously to the physician assistant at the pediatric clinic.   Curiel examined the child=s medical history and found a previous burn injury
that appellant said occurred a few months before when the victim was jumping on
the couch and either jumped off or fell off the couch and landed on the curling
iron.  After conferring with the nurse
and doctor, Curiel decided to contact law enforcement and the Texas Department
of Family and Protective Services (CPS) to investigate.

Leo Martinez, an
investigator for the Sinton Police Department, and Robin Arnold, a CPS
caseworker, were called to Driscoll on May 19, 2004 for investigation of the
injuries to the victim.  When asked how
the victim received the burns, appellant maintained the same story.  Later that day, Martinez and Arnold met with
appellant and her husband at their residence to observe the site where the
injury occurred, take photographs, and attempt to recreate the accident.  Appellant was subsequently indicted and found
guilty of injury to a child.

II.  Sufficiency of the Evidence

By two issues,
appellant argues the evidence was factually and legally insufficient to support
her conviction.

A.  Standard of Review

1.  Legal Sufficiency








In a legal
sufficiency review, we consider all of the properly or improperly admitted
evidence in the light most favorable to the verdict and determine whether,
based on that evidence and reasonable inferences therefrom, a rational jury
could have found the accused guilty of the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003) (en banc); Conner v. State, 67 S.W.3d 192,
197 (Tex. Crim. App. 2001).  We measure
the legal sufficiency of the evidence by the elements of the offense as defined
by a hypothetically correct jury charge. 
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  A hypothetically correct jury charge is one
that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State=s burden of proof or restrict its theories of
liability, and adequately describes the particular offense for which the
defendant was tried.  Id.

2.  Factual Sufficiency








In conducting a
factual sufficiency review, we view all of the evidence in a neutral light,
without favoring either party.  Johnson
v. State, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000) (en banc).  We must determine whether, considering all of
the evidence, the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
There are two ways in which the evidence may be insufficient.  Id. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support a finding of guilt beyond a reasonable doubt.  Id. 
Second, weighing the evidence contrary to the verdict against the
evidence supporting the verdict, the contrary evidence may be strong enough
that the beyond-a-reasonable-doubt standard could not have been met.  Id. at 485.  When reversing for factual insufficiency, we
must detail all the evidence relevant to the issue and clearly state why the jury's
finding is either factually insufficient or is so against the great weight and
preponderance of the evidence that it is manifestly unjust. Johnson, 23
S.W.3d at 9 (citing Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402,
407 (Tex. 1998); Ellis County State Bank v. Keever, 888 S.W.2d 790, 794
(Tex. 1994)). 

            Under
both standards, Athe jury is the exclusive judge of the credibility
of witnesses and of the weight to be given to testimony, and it is also the
exclusive province of the jury to reconcile conflicts in the evidence.@  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc) (citing Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)); see Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979).  

B.  Analysis

1.  Legal Sufficiency

In her second
issue, appellant contends the evidence is legally insufficient.  More specifically, appellant argues that the
evidence is legally insufficient to support the finding of two elements of the
offense:  1) that it was appellant that
committed the offense and 2) that appellant acted intentionally or knowingly.








In order to prove
that appellant committed the offense she was found guilty of under section 22.04(a)(1)
of the Texas Penal Code, the State had to prove that appellant intentionally or
knowingly caused serious bodily injury to the victim.  See Tex.
Pen. Code Ann. ' 22.04(a)(1) (Vernon 2003).  Section 22.04 is focused on the result of the
suspect's conduct which means that, under said statute, a person acts
intentionally when it is her conscious objective or desire to cause serious
bodily injury to a child and a person acts knowingly when she is aware that her
conduct is reasonably certain to cause serious bodily injury to a child.  Beggs v. State, 597 S.W.2d 375, 377
(Tex. Crim. App. 1980); see Tex.
Pen. Code Ann. ' 6.03 (Vernon
2003).  Mental culpability is of such a
nature that it generally must be inferred from the circumstances under which a
prohibited act occurs.  Hernandez v.
State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). 

Here, appellant
testified that she had used the hair iron but was not sure whether she left it
on or left it off on the day that the injury occurred.  We conclude that, from appellant's testimony,
the jury was permitted to infer that appellant, herself,  left the hair iron on after using it the
morning of the incident.








The State,
relying on Morgan v. State, 692 S.W.2d 877 (Tex. Crim. App. 1985),
argues that the victim's previous injury is evidence that appellant harbored a
guilty intent, intentionally or knowingly, in relation to the victim's
subsequent injury.  In Morgan, the
defendant's conduct was capable of both an innocent and a criminal
interpretation, and the doctrine of chances was used to prove that the criminal
explanation was more likely.  Id.
at 882.  The doctrine of chances permits
the jury to infer intent or knowledge based on previous similar injuries.  See id.; Estelle v. McGuire,
502 U.S. 62, 68 (1991).  Here,
there was a previous similar injury sustained by the victim.  Both injuries occurred while appellant was
the only adult caring for the victim, both injuries were burns to an inner
thigh, and appellant claims that both injuries happened accidently when the
victim fell onto a hot curling iron or hair straightener.  We conclude that evidence of the single
previous injury sustained by the victim under similar circumstances permitted
the jury to infer that appellant acted intentionally or knowingly in the
alleged offense.  See Morgan, 692
S.W.2d at 881; see also Estelle, 502 U.S. at 68; Robbins v. State,
88 S.W.3d 256, 267-68 (Tex. Crim. App. 2002).

In addition, the
State relies on the medical witnesses' testimony to establish the requisite
mental state of appellant.  Jerry Lynch,
the physician assistant, testified that he was concerned as to the number of
burns on the victim's leg and that he was somewhat suspicious and uncertain as
to how they could have happened accidentally. 
Dr. Padmanabhan testified that the burns on the victim's leg were in an
unusual site for an accidental injury. 
His official diagnosis was "second degree burns to the left inner
thigh, possibly non-accidental trauma." 
Although the medical witnesses did not conclusively establish that the
injury was non-accidental, we conclude that testimony of the possibility that
the injury was not an accident permitted the jury to infer that the victim was
intentionally or knowingly injured.  See
Jackson, 443 U.S. at 319.








Furthermore, the
investigating officer testified that he was unable to recreate an accidental
occurrence based on appellant's description of the incident.  The officer testified that based on the
location where appellant said she plugged in the hair iron, he could not make
the hair iron fall to the same location where appellant said she found the victim
entangled with the blanket and hair iron. 
Because the jury is the exclusive judge of the credibility of witnesses
and is permitted to draw reasonable inferences from the evidence, Jackson,
443 U.S. at 319, we conclude that the jury could have inferred that the injury
was not an accident and the victim was intentionally or knowingly injured.

Therefore,
viewing the evidence in the light most favorable to the verdict, we conclude
that a rational jury could have 1) found that it was appellant that committed
the offense and 2) inferred the requisite mental state, be it intentionally or
knowingly, essential to the commission of the offense for which appellant was
found guilty.  Therefore, we conclude the
evidence is legally sufficient to support appellant's conviction.  We overrule appellant's second issue.

2.  Factual Sufficiency

In her first
issue, appellant contends the evidence is factually insufficient.  More specifically, appellant argues that,
assuming that the burns were of criminal origin and not the result of an
accident, the State did not prove that appellant was the perpetrator.  The record does not reflect whether appellant
was found guilty of injury to a child by failing to unplug the hair iron or
actually pressing the hair iron against the victim's leg.  Under either theory we conclude the evidence
is factually insufficient to support a finding of guilt beyond a reasonable
doubt.








The evidence
supporting the verdict on the theory that appellant, herself, injured her child
by leaving the hair iron on all day includes the following:  on the day the injury occurred, appellant
used the hair iron before 8:00 a.m.; the victim had a previous similar injury;
and appellant did not want to take the victim to the hospital right away
because she was afraid of CPS getting involved. 
The injury occurred at approximately 8:00 p.m.  There is no evidence that appellant left the
hair iron on after using it that morning, or, if she did leave it on, that
appellant knew she had done so.  There
were approximately twelve hours between appellant using the hair iron and the
victim getting burned.  The fact that the
victim had sustained a previous similar injury provides no evidence about what
occurred the day the victim sustained the injury in question.  The fact that appellant was afraid CPS might
get involved does not explain who had access to the hair iron throughout the
day the injury occurred.  Without
additional direct or circumstantial evidence that appellant left the hair iron
on knowing the child could be injured, the evidence supporting this theory,
considered alone, is too weak to support a finding beyond a reasonable doubt
that appellant, herself, intentionally or knowingly injured the victim.

The evidence
supporting the verdict on the theory that appellant injured her child by
pressing the hair iron against the victim's leg includes the following:  medical witness testimony that the burns were
possibly non-accidental because there were separate burns and they were in an
unusual site for an accident; appellant's reluctance to bring the victim to the
hospital; the victim's prior injury; the police officer's testimony that he
could not recreate the accident; the social worker's assessment that CPS and
law enforcement needed to be notified; the fact that appellant was the only
adult at home with the victim at the time the burns were sustained; and the
police officer's testimony that appellant changed her story from being in the
bathroom at the time of the injury to being near the bedroom door.  








The State offered
no evidence that appellant was in the room at the time the victim was
injured.  The medical witness testimony
only shows that the injuries were possibly not the result of an
accident.  Appellant's reluctance to
bring the victim to the hospital shows that appellant recognized the severity
of the burns but is not evidence that appellant inflicted the burns on the
victim.  The victim's prior injury does
not establish that appellant pressed the hair iron to the victim's leg.  The fact the appellant was the only adult in
the apartment when the victim sustained the injury is not specific enough to
establish appellant's presence in the bedroom with the victim when she was
burned.  Appellant testified she was
outside of the bedroom.  The social
worker's assessment as well as the police officer's inability to recreate the
accident do not establish that appellant, herself, burned the victim.  Without additional direct or circumstantial
evidence that appellant was in the room when the victim was burned or that
appellant, herself, burned the victim, the evidence supporting this theory,
considered alone, is too weak to support a finding beyond a reasonable doubt
that appellant, herself, intentionally or knowingly injured her child by
pressing the hair iron against the child's leg.

Thus, we conclude
that the evidence is too weak to support a finding of guilt beyond a reasonable
doubt, and therefore, is factually insufficient.  We also conclude that the verdict of guilt
was clearly wrong and manifestly unjust. 
We sustain appellant's first issue.

 








III.  Conclusion

Accordingly, we
reverse and remand for a new trial.

 

NELDA V. RODRIGUEZ

Justice 

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and

filed this 20th day of July, 2006.