**Walter Russell SCHUMACHER,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–91–036–CR.**

Court of Appeals of Texas,
Austin.

Aug. 28, 1991.

**872**

Christian A. Hubner, Icenhauer–Ramirez & Hubner, P.C., Austin, for appellant.

Ken Oden, County Atty., Giselle Horton, Asst. County Atty., Austin, for appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

PER CURIAM.

A jury found appellant guilty of assault with bodily injury, a Class A misdemeanor. Tex.Pen.Code Ann. § 22.01 (1989). The court assessed punishment at six months' confinement. We will affirm the conviction.

## I. BACKGROUND

On August 31, 1990, John Rowsey visited the complainant, M.O., at her place of employment. Rowsey told M.O. that there was a party that evening at a duplex located at 3712–B Enfield and asked her to come by and see him there. M.O. arrived at the party at approximately midnight. She parked her car in the street and walked up to the front porch where between ten and twenty partygoers had congregated. The area was well lighted. M.O. noticed a tall

male wearing running shorts and cowboy boots whom she described as "the lewdest, crudest, loudest, most rambunctious; making a spectacle out of himself." The man was appellant. M.O. then saw Rowsey and approached him. Rowsey introduced M.O. to two friends, and then went to get her a beer. When Rowsey returned, he and M.O. sat on the porch to talk. M.O. had been talking to Rowsey only a moment when she heard a spraying sound behind her. She turned to see appellant standing two feet away with his pants down, urinating, his penis clearly exposed to M.O.'s view. M.O. stood up, turned her back to appellant, and told Rowsey she was leaving. She testified that the next thing she knew, she was down on the ground. M.O. stated that appellant had "jumped off the porch, I would say, with a running start" onto her back. She was propelled to the ground and had the breath knocked out of her. She sustained injuries to both legs, consisting of bruises and swelling to one knee, and cuts or abrasions to her other knee and a shin. M.O. testified that appellant still had his pants down, that his penis contacted her leg, and that something dribbled down her leg. M.O. got to her feet, walked to her car, and drove to a nearby supermarket. She telephoned her roommates and broke down as she told them what had happened. They urged her to come home immediately. Upon arriving home, she called the police, and reported the incident.[1]

## II. DISCUSSION AND HOLDINGS

### A. Sufficiency of the Evidence

In his first point of error, appellant challenges the sufficiency of the evidence to sustain his conviction. Appellant argues that the evidence fails to show that he acted knowingly and intentionally. Appellant points to M.O.'s testimony that he acted "recklessly," wanted attention, and was intoxicated as support for his argument that there is no evidence of an intent to cause injury to M.O.

1. In a separate cause, appellant was charged with indecent exposure. Both causes were tried before the same jury which returned a verdict of not guilty on the charge of indecent exposure.

The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Griffin v. State,* 614 S.W.2d 155, 159 (Tex.Cr.App.1981). Questions regarding the sufficiency of the evidence must be resolved in light of the charge which is given. *Polk v. State,* 749 S.W.2d 813, 815 (Tex.Cr.App.1988).

The relevant portions of the charge recite:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

.    .    .    .    .

[I]f you believe from the evidence beyond a reasonable doubt that the defendant, Walter Russell Schumacher, on or about the 1st day of September, 1990, in the County of Travis and State of Texas, as alleged in the information, did then and there intentionally and knowingly cause

bodily injury to namely: M.O. [sic], by jumping on her back and knocking her against the ground, you will find the defendant guilty of the offense of assault with bodily injury and so say by your verdict....

M.O.'s uncontroverted testimony was that the appellant took a running leap onto her back, forcing her to the ground and causing the injuries to her legs. A rational trier of fact could reasonably conclude, beyond a reasonable doubt, that appellant knew his conduct was reasonably certain to cause bodily injury to M.O. That M.O. also characterized his actions as reckless does not negate the evidence of conscious intent demonstrated by appellant taking a running leap, as opposed to stumbling, onto her back. Furthermore, voluntary intoxication is not a defense to commission of a crime. Tex.Pen.Code Ann. § 8.04(a) (1974). Finally, even if appellant was seeking attention, this addresses his motive, not his intent or knowledge. The evidence is sufficient to support the conviction. Appellant's first point of error is overruled.

### B. The Court's Charge

In his second point of error, appellant argues the trial court's charge to the jury during the guilt phase of the trial was defective because it failed to limit the definitions of the culpable mental states of intentionally and knowingly to the *result* of the offense.[2] Appellant argues that the charge permitted the jury to convict appellant if he intentionally or knowingly jumped on the victim's back and knocked her against the ground without requiring a finding that he intended or knew that bodily injury would result. We disagree.

Appellant's argument is based on a line of cases involving injury to a child or elderly individual. Tex.Pen.Code Ann. § 22.04 (Supp.1991). *See Kelly v. State,* 748 S.W.2d 236 (Tex.Cr.App.1988); *Alvarado v. State,* 704 S.W.2d 36 (Tex.Cr.App. 1985); *Beggs v. State,* 597 S.W.2d 375 (Tex.

2. The definitions of "knowingly" and "intentionally" given the jury are those found in Tex.Pen.

Code Ann. § 6.03 (1974).

Cr.App.1980). Under § 22.04, a person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence "engages in conduct that causes" bodily injury to a child or elderly individual. Notwithstanding the phrase "engages in conduct that," it has been held that injury to a child or elderly individual is a "specific result" offense; that is, the culpable mental state relates to the result of the conduct, not to the nature of or circumstances surrounding the conduct. *Beggs*, 597 S.W.2d at 377; *Kelly*, 748 S.W.2d at 239. A trial court's refusal to limit the definitions of the culpable mental states to that aspect of each which relates to the result of the conduct is error. *Alvarado*, 704 S.W.2d at 39.

■ However, the rule announced in *Alvarado* has little or no application in prosecutions under § 22.01, or in any other "specific result" statute that does not employ the confusing "engage in conduct" language found in § 22.04. No one reading the application paragraph in this cause, which tracked § 22.01, would be misled into believing that appellant should be convicted if he intentionally or knowingly engaged in the conduct without intending the result. Accordingly, the "engage in conduct" and "nature of conduct" language in the definitions was irrelevant with respect to appellant's culpable mental state. *Kinnamon v. State*, 791 S.W.2d 84, 89 (Tex.Cr.App.1990). Moreover, *Alvarado* does not hold that the definitions of the culpable mental states should be tailored to the particular offense on trial even if no request or objection is made. While this might be the better practice, it does not necessarily follow from *Alvarado* that a charge that, without objection, tracks § 6.03 in defining the culpable mental states is fundamentally erroneous.

■ Definitions in the charge must be examined in the context in which the defined term appears and cannot be limited to portions of the charge standing alone. *Turner v. State*, 805 S.W.2d 423, 430 (Tex. Cr.App.1991); *Kinnamon*, 791 S.W.2d at 87. In applying the law to the facts in the instant case, the court's charge limited the definitions of intentionally and knowingly

by applying them to the factual context; that is "intentionally and knowingly *cause bodily injury* to ... M.O. [sic] by jumping on her back and knocking her against the ground." Under the application paragraph, the conduct of jumping on the complainant's back and knocking her to the ground, alone, was not sufficient to convict. The charge required a finding that appellant intended to cause bodily injury, or knew that his conduct was reasonably certain to cause bodily injury. Appellant's second point of error is overruled.

The judgment of conviction is affirmed.