IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-342-CR





AUDREAS DEMONG LANE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 18,213, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of aggravated assault. Tex. Penal Code Ann. § 22.02
(West Supp. 1993). The jury assessed punishment, enhanced by a previous felony conviction, at
imprisonment for twenty years.

 The indictment alleged that appellant "intentionally and knowingly threaten[ed] to
cause imminent bodily injury to Don Wardlow by driving at him with a motor vehicle, . . . a
deadly weapon, . . . and the said Don Wardlow was then and there a peace officer in the lawful
discharge of his official duty . . . and the said Defendant had been informed and knew Don
Wardlow was such a peace officer." Appellant does not dispute that the State proved these
allegations.

 In his first point of error, appellant contends the district court erred when it defined
the words "intentionally" and "knowingly" in its charge to the jury. These terms were defined
in the charge as follows:



 A person acts intentionally, or with intent, with respect to the nature of his
conduct or to a result of his conduct when it is his conscious objective or desire to
engage in the conduct or cause the result.


 A person acts knowingly, or with knowledge, with respect to the nature of
his conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist. A person acts knowingly, or
with knowledge, with respect to a result of his conduct when he is aware that his
conduct is reasonably certain to cause the result.



See Tex. Penal Code Ann. § 6.03(a), (b) (West 1989). Appellant argues that the charged offense
was a "nature of conduct" offense. Sneed v. State, 803 S.W.2d 833, 835 n.2 (Tex. App.--Dallas
1991, pet. ref'd). That is, the State was required to prove that appellant intentionally or
knowingly engaged in conduct that threatened the complainant with imminent bodily injury. 
Appellant argues that by including "result of conduct" language in the definitions of the culpable
mental states, the court's charge permitted the jury to convict him based on a finding that he
intentionally or knowingly caused bodily injury to the complainant. See Kelly v. State, 748
S.W.2d 236 (Tex. Crim. App. 1988); Alvarado v. State, 704 S.W.2d 36 (Tex. Crim. App.
1985); Fuller v. State, 819 S.W.2d 254 (Tex. App.--Austin 1991, pet. ref'd); Schumacher v. State,
814 S.W.2d 871 (Tex. App.--Austin 1991, no pet.). Appellant did not object to the charge on this
basis, and thus bears the burden of demonstrating that the alleged error caused him egregious
harm. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (opinion on rehearing). 
In determining whether a charge error requires reversal, the degree of harm must be assayed in
light of the record as a whole. Id. 

 The evidence reflects that appellant was stopped by two highway patrolmen, Don
Wardlow and Gary Myles, after they saw him commit a traffic offense. When a license check
disclosed the existence of a warrant for appellant's arrest, the officers attempted to take him into
custody. Appellant physically resisted and a fight ensued. Appellant was able to get back in his
car and drive away at high speed. Both officers were standing in front of appellant's car and were
forced to jump out of the way to avoid being hit. A doctor testified, relevant to the deadly
weapon allegation, that an automobile is capable of causing serious bodily injury if it strikes a
human being, but there is no evidence that either officer actually suffered bodily injury. 

 In applying the law to the facts in the charge, the district court required the jury
to find that appellant "intentionally or knowingly threaten[ed] to cause imminent bodily injury
to Don Wardlow by driving at him with a motor vehicle." In his argument to the jury, the
prosecutor referred to the application paragraph and stated that it "is a good summation of what
the State has to prove." The prosecutor went on the say that "it's the State's position that he knew
what he was doing and that he knowingly did this, that he knowingly threatened to cause imminent
bodily injury."

 We conclude that the jury was adequately instructed that it could convict appellant
only on a finding that he intentionally or knowingly threatened imminent bodily injury to the
complainant. Considering the state of the evidence, the prosecutor's argument, and the language
of the application paragraph, the jury could not have been misled into believing that appellant
could be convicted on a theory that he intentionally or knowingly caused bodily injury to the
complainant. The alleged error in the definitional portion of the charge did not cause appellant
egregious harm. In fact, we believe that it caused him no harm at all. See Fuller, 819 S.W.2d
at 257. The first point of error is overruled.

 Appellant's second point of error complains of ineffective assistance of trial
counsel. Because appellant's argument under this point of error relates to counsel's performance
at the guilt/innocence stage of trial, he must demonstrate that his attorney was not functioning
effectively as counsel and that there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668 (1980); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986).

 Appellant complains of three alleged errors by trial counsel. First, appellant points
out that counsel did not object to the definitional errors in the charge previously discussed. We
have found that these alleged errors were harmless. Therefore, counsel's failure to object cannot
be said to have prejudiced the defense.

 Second, appellant complains that counsel did not invoke the witness exclusion rule. 
Tex. R. Crim. Evid. 613. While the record does not reflect that counsel invoked the rule, there
is no showing that he did not invoke the rule or that the State's witnesses remained in the
courtroom to hear each other's testimony. Again, prejudice to the defense is not shown.

 Finally, appellant claims that his attorney erred when, after calling appellant to
testify, he brought out during his questioning that appellant had been drinking and using drugs on
the day of the offense. It appears that counsel's defensive strategy was to attempt to convince the
jury that appellant was frightened by his encounter with the officers, that he did not see the
officers standing in front of his car, and that he did not intend to threaten them with bodily injury. 
A reasonably effective attorney could believe that evidence of appellant's possible intoxication
furthered this defensive strategy. Point of error two is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: March 10, 1993

[Do Not Publish]