**Thomas Roosevelt HAGGINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 661–89.

Court of Criminal Appeals of Texas, En Banc.

March 21, 1990.

Fred Tinsley, Dallas, for appellant.

John Vance, Dist. Atty., Sharon Batjer, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of injury to a child and sentenced by the trial court to life imprisonment. See V.T.C.A. Penal Code, § 22.04 (1989). On appeal to the Fifth Court of Appeals, appellant complained that the trial court committed reversible error by refusing to limit the jury charge definition of the culpable mental state to the results of the offense. See *Haggins v. State*, No. 05–88–005–3–CR, (Tex.App.—Dallas, delivered March 21, 1989). Finding no error, the appellate court affirmed the conviction. We granted petition for discretionary review to determine whether the court of appeals' decision is in conflict with applicable decisions of this court. See Tex.R.App.Pro. 200(c)(3).

The evidence is not in dispute. The State presented testimony that appellant's three-month-old daughter received a fatal blow to the head while the appellant was at home babysitting her and his four-year-old stepson. Appellant introduced evidence that he did not cause his daughter's injuries, but that his four-year-old son may have caused her to fall to the floor from her bassinet.

The appellant requested that the charge limit the definition of the culpable mental state to the result of his conduct. Such a limitation would have allowed the jury to find that the appellant possessed the *mens rea* only if it concluded that it was appellant's "conscious objective or desire to cause the result," or that appellant "knowingly" inflicted the injuries "with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." The court refused the requested instruction and instead quoted in

full the language from Section 6.03(a) and (b) of the Texas Penal Code. See V.T.C.A. Penal Code, § 6.03 (1974). Thus, the trial court's jury charge permitted the jury to find that the appellant possessed the *mens rea* if it concluded that the appellant acted either "intentionally ... with respect to the nature of his conduct or to a result of his conduct," or that appellant acted "with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist."

The court of appeals discussed *Alvarado v. State*, 704 S.W.2d 36 (Tex.Cr.App.1985) and *Beggs v. State*, 597 S.W.2d 375 (Tex.Cr. App.1980), in which this court held that the injury to a child statute focuses on the result and not the nature of the defendant's conduct. See V.T.C.A. Penal Code, § 22.04 (1989). The appellate court concluded that in *Alvarado* and *Beggs*, supra, "the issue of the defendant's mental culpability was contested" because the defense of mistake of fact was raised in those cases. The court of appeals then distinguished the appellant's case because "appellant never admitted that he did anything to the child that could cause injury." Because the appellant "totally denied having hurt the infant in any way," the appellate court reasoned that the "issue at trial was not whether appellant meant the result of his actions, but whether he caused the injury."

The appellate court seemed to reason that the appellant did not contest the *mens rea* because he did not raise a mistake of fact defense. In effect, this reasoning would require the appellant to raise a defense in order to obtain a correct jury charge definition of the requisite culpable mental state. Neither *Alvarado* nor *Beggs* stand for this proposition. Both opinions emphasize that the mental state criminalized in the injury to a child statute is that state of mind which contemplates the prohibited *result*, i.e., serious bodily injury to a child. In other words, the holdings of *Alvarado* and *Beggs* do not turn on whether a culpable mental state is contested by the raising of a mistake of fact defense, but on what kind of mental state the stat-

ute proscribes, regardless of what defense is raised. See also *Kelly v. State*, 748 S.W.2d 236 (Tex.Cr.App.1988).

Because injury to a child is a result-oriented crime, the appellant was entitled to a definition in the jury charge which is limited to the kind of mental state which the injury to a child statute criminalizes. The court's charge permitted the jury to decide that the appellant was guilty of injury to a child if it found that the appellant was "aware ... that circumstances exist[ed]" which would cause injury to a child. Because the awareness of circumstances is not the mental state which the statute makes culpable, the trial court committed error in submitting the charge to the jury.

We therefore reverse the court of appeals and remand the cause to the court of appeals to conduct a harm analysis under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr. App.1984). See *Arline v. State*, 721 S.W.2d 348 (Tex.Cr.App.1986) and *Kelly*, supra.

McCORMICK, P.J., and WHITE, J., concur in the result.