Appellant’s Motion for Rehearing Overruled; Opinion issued January 23,
2003 Withdrawn; Affirmed and Memorandum Opinion on Moti
















Appellant’s
Motion for Rehearing Overruled; Opinion issued January 23, 2003 Withdrawn; Affirmed and Memorandum Opinion on Motion for Rehearing
filed April 17,
 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-01244-CR

_______________

 

OMAR ALI AVILA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________________

 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 871,776

________________________________________________________

 

M E M O R A N
D U M   O P I N I O N   

O N   M O T I O N  
F O R   R
E H E A R I N G

 

            Appellant’s
motion for rehearing is overruled; the opinion issued in this case on January 23, 2003 is
withdrawn; and the following opinion is issued in its place.

            Omar Ali Avila appeals a conviction
for injury to a child[1] on
the grounds that: (1) the evidence was legally insufficient to prove that he
acted with intent or knowledge in committing the offense; (2) the trial court
erred in using a stair-step method to describe the different grades of the
offense in the jury charge; (3) he was denied effective assistance of counsel;
(4) the trial court erroneously admitted an involuntary custodial statement
into evidence; (5) the trial court erroneously admitted extraneous offense
evidence; (6) the trial court failed to instruct the jury on the meaning of
“beyond a reasonable doubt”; and (7) the jury’s affirmative finding that
appellant used a deadly weapon, i.e.,
his hands, was inconsistent with the jury’s general verdict of guilt.  We affirm.

                                                      Sufficiency of the Evidence

            Appellant’s first issue argues that
there was no evidence that he caused the complainant’s serious bodily injury
intentionally or knowingly.[2]

            When reviewing legal sufficiency, we
view the evidence in the light most favorable to the verdict and determine
whether a rational trier of fact could have found the
elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307,
318-19 (1979); Reyes v. State, 84
S.W.3d 633, 636 (Tex. Crim. App. 2002).  We
apply this same standard of review to both direct and circumstantial evidence
cases.  Burden v. State, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001). 
However, in a sufficiency review, a jury’s inference of intent is
afforded more deference than the evidence supporting proof of conduct.  Margraves
v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

            Injury to a child is a
result-oriented offense.  See Schultz v. State, 923 S.W.2d 1, 2
(Tex. Crim. App. 1996).  That means the culpable mental state relates
to effectuating the specified result, i.e.,
rather than merely engaging in the conduct.[3]  See
Cook v. State, 884 S.W.2d 485, 490 (Tex. Crim.
App. 1994); Haggins v. State, 785 S.W.2d 827, 828 (Tex. Crim. App. 1990). 
Mental culpability usually must be inferred from circumstances of the
act or words.  Moore v. State, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998).  It
may be inferred from the extent of injury and the relative size and strength of
the parties.  Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim.
App. 1995).

            In this case, there is evidence
that: (1) the complainant suffered bruising underneath the scalp and massive
retinal hemorrhages[4]
without any external injuries to his face, eyes, or eyelids; (2) if the
complainant had hit the dashboard or floorboard of the car, there would have
been evidence of external trauma to the face, eyes, and eyelids, and the
retinal injuries would have reflected trauma on one side of the retinas as
opposed to hemorrhage on both sides, as the complainant suffered; (3) each of
the complainant’s eyes had the same severe amount of hemorrhage which is
indicative of, and very consistent with, violent shaking; (4) the complainant’s
injuries could not have been inflicted by improperly performing CPR or any of
the other mechanisms appellant described; (5) the severity of retinal
hemorrhage found in the complainant could not have been caused by a nonimpact car accident, but only by a high speed collision
and would involve severe external injury to the head; and (6) the amount of
force required to produce such injuries by shaking is so great that any
reasonable person would know that a child would sustain severe injuries from
it.  In addition, two days earlier,
appellant had pressed the complainant’s face into a mattress and had indicated
that he only wanted the complainant’s mother but “not the baby.”  Viewing this evidence in the light most
favorable to the verdict, we hold that a rational trier
of fact could have found that appellant caused the complainant’s serious bodily
injuries intentionally or knowingly. 
Accordingly, appellant’s first issue is overruled.

                                                                                    Jury Charge

            Appellant’s second issue contends
that he was egregiously harmed by the trial court’s presenting the respective
grades of the offense in the jury charge in “stair-step” fashion, such that the
lesser grades are not reached by the jury unless it has a reasonable doubt as
to each higher grade, and as contrasted from presenting a single choice among
all of the grades at the outset. 
Appellant asserts that this charge method, which obscures the jury’s
duty to evaluate each grade of offense relative to a higher level of offense in
order to determine whether it is supported by proof beyond a reasonable doubt,
is at odds with the United States Supreme Court’s holding in Apprendi.  See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)
(holding that a defendant has a right to have any fact that increases the
maximum penalty for a crime, other than a prior conviction, submitted to a jury
and proven beyond a reasonable doubt).

            Appellant does not challenge the
content of the charge with regard to containing correct statements of
applicable law, but only the manner in which that information is organized, i.e., presenting the grades
one-at-a-time versus all together. 
Because appellant has not demonstrated that the stair step method
obscures the meaning of the respective grades, presents them in a misleading
manner, or otherwise creates a risk of an erroneous conviction, his second
point of error fails to establish error, let alone egregious harm, and is
overruled.

                                                Ineffective Assistance of Counsel

            Appellant’s third issue asserts that
he was denied effective assistance of counsel in that his trial counsel failed
to: (1) adequately prepare for, and effectively cross-examine, the State’s
expert witnesses; (2) object to the prosecutor’s leading questions; (3) advise
appellant that his testimony could be useful for the motion to suppress; (4)
object to a portion of the State’s closing argument to the jury; and (5) object
to the trial court permitting the jury to deliberate late at night.

            To prevail on a claim of ineffective
assistance of counsel, an appellant must show, first, that counsel’s
performance was deficient, i.e., it
fell below an objective standard of reasonableness, and, second, that the
appellant was prejudiced in that there is a reasonable probability that but for
counsel’s errors, the result of the proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687
(1984); Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002).  To
be sustained, an allegation of ineffective assistance of counsel must be
affirmatively demonstrated in the record. 
Bone, 77 S.W.3d at 835.  In
reviewing ineffectiveness claims, scrutiny of counsel’s performance must be
highly deferential.  Strickland, 466 U.S. at
689.  A court must indulge, and a
defendant must overcome, a strong presumption that the challenged action might
be considered sound trial strategy under the circumstances.  Id.  A fair assessment of attorney performance
requires that every effort be made to eliminate the distorting effects of
hindsight and to evaluate the conduct from counsel’s perspective at the
time.  Id.  Thus, the presumption that an attorney’s
actions were sound trial strategy ordinarily cannot be overcome absent evidence
in the record of the attorney’s reasons for his conduct.  Mallett v. State,
65 S.W.3d 59, 67 (Tex. Crim. App. 2001).

                                                         Inadequate Preparation

            Appellant contends that his counsel
was ineffective in failing to: (1) request exclusion of some of the State’s
more aggressive expert opinions under Texas Rule of Evidence 702 based on lack
of reliability; and (2) cross-examine the State’s experts with ample and
available scholarly research suggesting that the complainant’s injuries could
have occurred from mere recklessness, as appellant claimed.

            Appellant has cited no cases in
which any of the areas of expert testimony offered by the State have been
excluded for lack of reliability.  Nor
does his brief demonstrate the unreliabilty of those
opinions.  Similarly, the possible effect
of the cross-examination he asserts based on hindsight is purely a matter of
speculation.  Under these circumstances,
we have no basis to conclude that there is a reasonable probability that, but
for the challenged omissions by counsel, the result of the proceeding would
have been different.

                                                               Failure to Object

            Appellant also complains of defense
counsel’s failure to object to three leading questions the State asked its
expert witnesses.  However, in the
absence of evidence of counsel’s reasons for the challenged conduct, we will
assume a strategic motivation if any can possibly be imagined, and we will not
conclude the challenged conduct constituted deficient performance unless the
conduct was so outrageous that no competent attorney would have engaged in it.  See
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim.
App. 2001), petition for cert. filed
(U.S. Jan. 8, 2002) (No. 02-5551).  Appellant has not shown that the testimony
elicited from the leading questions was outcome determinative or that it could
not have been elicited by non-leading questions.  Nor has appellant shown that a failure to
object could not have been reasonable trial strategy to avoid calling attention
to damaging evidence that was otherwise admissible.

            Appellant further complains of his
counsel’s failure to object to a portion of the State’s closing argument,
allegedly redefining the mens rea
for the offense: “The only thing – the question is whether or not he knew what
he was doing.”  However, appellant fails
to explain how this argument changed the applicable mens
rea or how it prejudiced appellant’s recklessness
defense.  The record is also silent on
counsel’s reasons for failing to object.

            Appellant also asserts that his
counsel’s failure to object to the jury being allowed to deliberate late at
night was ineffective assistance of counsel. 
Again, however, the record is silent on counsel’s reason for not
objecting to the jury’s late deliberation, and appellant has failed to cite
authority holding that any such objection must have been sustained or to
otherwise demonstrate a reasonable probability that, but for this failure, the
result of the proceeding would have been different.

                                                                 Right
to Testify

            Appellant next contends that he was
denied effective assistance of counsel by his counsel’s failure to advise him
to testify at the suppression hearing about the use of the polygraph examiner
as an interrogator.  However, appellant
cites no authority showing that any actions by the polygraph examiner would have
caused his statement to be inadmissible. 
Appellant similarly complains that, during his testimony before the
jury, his attorney failed to ask him any of the questions that were most
pertinent to the suppression issues. 
Again, however, appellant does not indicate what testimony he could have
given or how it would demonstrate the inadmissibility of any evidence.  Because appellant has thus failed to show a
reasonable probability that the result of the proceeding would have been
different but for his counsel’s complained of omissions, we overrule his third
point of error.

                                                Involuntary Custodial Statement

            Appellant’s fourth issue argues that
his videotaped statement should not have been admitted into evidence because it
was custodial and involuntary.  Appellant
contends that the statement was involuntary because he was subjected to lengthy
interrogation without access to legal counsel and the police used the
psychologically coercive “Mutt and Jeff” method of interrogation, used the
polygraph as an interrogation tool, and exploited his emotional weakness and
his lack of sleep and sophistication. 
However, appellant cites no evidence supporting his allegations of
coercive actions by the police and cites no case holding that such actions
render a statement involuntary.  Because
appellant has thus failed to demonstrate that the trial court erred in
admitting his confession, his fourth issue is overruled.

                                                    Extraneous Offense Evidence

            Appellant’s fifth issue asserts that
the trial court erroneously admitted extraneous offense evidence of appellant
biting the complainant’s mother on a previous occasion.

            Evidence of a person’s character is
not admissible for the purpose of showing that he acted in conformity with
it.  See
Tex. R. Evid. 404(a); Robbins v. State, 88 S.W.3d 256, 259 (Tex. Crim. App. 2002). 
Therefore, extraneous offense evidence is not admissible to show a
person’s character, but may be admissible to rebut a defensive theory.  See
Tex. R. Evid.  404(b); Robbins,
88 S.W.3d at 259.  A trial court’s
decision regarding the admissibility of extraneous offense evidence is reviewed
for abuse of discretion.  Robbins, 88 S.W.3d at 259-60.

            In this case, the State introduced
evidence of appellant biting the complainant’s mother after appellant’s counsel
elicited testimony from the complainant’s mother suggesting that appellant was
not violent with her or the complainant. 
Because the extraneous offense evidence rebutted appellant’s evidence
suggesting he was not violent with the complainant or his mother, the trial
court did not err in admitting it.[5]  Moreover, other extraneous offense evidence
also showing appellant’s violent nature was admitted (to which appellant
assigns no error on appeal).  This
includes the testimony of complainant’s mother that, two days before the
charged offense, appellant forced the complainant’s head into a mattress to
prevent him from crying.  In light of
such evidence, appellant was not further harmed by the admission of the
complained of testimony.[6]  Accordingly, his fifth issue is overruled.

                                Charge Definition of “beyond a reasonable
doubt”

            Appellant’s sixth issue contends
that the trial court erred by failing to instruct the jury in the charge on the
meaning of “beyond a reasonable doubt.” 
However, no such definition is required. 
Paulson v. State, 28 S.W.3d
570, 573 (Tex. Crim. App. 2000). 
Thus, appellant’s sixth issue is accordingly overruled.

                                        Affirmative Finding of “Deadly Weapon”

            Appellant’s seventh issue claims
that the jury’s affirmative deadly weapon finding, which specified appellant’s
hand as a deadly weapon he used or exhibited in the offense, was inconsistent
with its general verdict of guilt in which one or more of the jury members
could have found that the injury was instead caused by other means, including
“manner or means unknown.”[7]

            The verdict form in this case
instructed the jury that their verdict was to be unanimous.  The affirmative finding verdict page was
right behind the guilt verdict page and both are file stamped at 10:35 p.m. on October 4, 2001.  The reporter’s record reflects that the
verdict of guilt was read in court a few minutes before the court adjourned at 10:45 p.m. that evening.  Appellant seems to suggest that the jury
could have reached a unanimous verdict on his guilt, despite a lack of
unanimity on the alternative manner and means allegations, but nevertheless
then proceeded to promptly reach a unanimous verdict on the special issue,
which specified only appellant’s hands as the deadly weapon.  If this is indeed appellant’s position, it
can be sustained only if we could speculatively presume the jury to have
behaved in a highly illogical manner. 
Because he has cited no authority to support doing so, appellant’s
seventh issue is overruled, and the judgment of the trial court is affirmed.

 

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion on Motion for Rehearing filed April 17, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 

 











[1]           A jury found appellant guilty and
sentenced him to 50 years confinement.





[2]           Appellant does not challenge the
sufficiency of the evidence to prove that he caused the injury, but only that
he did so intentionally or knowingly. 
Appellant was the only person who could have caused the complainant’s
injuries because the complainant was in appellant’s sole care when he was
injured.





[3]           However, intent to injure a child
does not require the intent or knowledge to apply to the victim’s age.  Zubia v. State,
998 S.W.2d 226, 227 (Tex. Crim. App. 1999).





[4]           The ophthalmologist and pediatric
care specialist each testified that this was one of the worst cases of retinal
hemorrhages that she had seen in her career.





[5]           See, e.g., Phelps v. State, 5 S.W.3d 788, 794, 796
(Tex. App.—San Antonio 1999, pet. ref’d) (holding
extraneous offense evidence admissible to rebut claim of nonviolent nature).





[6]           See Tex. R. App. P. 44.2(b).





[7]           Although appellant does not assert
that the charge was erroneous, his contention would suggest that an affirmative
weapon finding would always be inconsistent with a guilty verdict that includes
alternatives other than that on which the affirmative finding was based.