

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-12-00424-CR

JACKLYN JANETTE KEENER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 8480, Honorable Phil N. Vanderpool, Presiding

February 11, 2014

OPINION

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

Appellant, Jacklyn Janette Keener, appeals her conviction by jury for the offense of criminally negligent injury to a child,[1] and jury-assessed punishment of two years' incarceration in the Texas Department of Criminal Justice, State Jail Division, and $5,000 fine. The sentence imposed was suspended by the trial court and appellant was placed on community supervision for a period of five years. Appellant presents four issues by her appeal. We will reverse the judgment and remand for new trial.

---

[1] *See* TEX. PENAL CODE ANN. § 22.04 (West Supp. 2013).

## Factual and Procedural Background

On or about January 24, 2009, appellant's 22-month-old child, F.G., suffered burns to his feet and ankles that were so severe that they were described by medical personnel as appearing as if the skin had melted away. F.G. sustained these burns by coming into contact with scalding hot water in a bathtub in appellant's home. Appellant was indicted for intentionally, knowingly, or recklessly causing serious bodily injury to F.G. At trial, appellant's defensive theories were that F.G.'s injuries were accidental, and that, even if intentional, it was not appellant that caused those injuries.

Approximately one week before F.G. sustained his injuries, a new water heater had been installed at appellant's residence, and it had been set to the hottest setting. Appellant was aware that the new water heater produced water that was very hot but she did not know how to turn the temperature on the water heater down.

On the night that F.G. was injured, there were five adults at appellant's home as well as F.G.'s three-year-old sister, H. The testimony presented at trial was mostly consistent that, just prior to F.G.'s injury, three of the adults were in the kitchen, another adult was on a phone call in a bedroom, and appellant was in the living room. Appellant was sleeping or lying down to sleep when H. asked appellant to give her a bath. While there is some disagreement in the testimony, it appears that appellant went to the bathroom, turned on the water, and then left the bathroom to get clothes for the children. Soon thereafter, F.G. began screaming and was discovered to have sustained severe burns to his feet. Most of the testimony elicited by appellant indicated that it was

2

most likely that H. had either turned on or turned up the hot water in the bath after appellant had left the room.

During the trial, the State offered the testimony of two experts that F.G.'s injuries appeared to have been intentionally inflicted. To rebut this testimony, appellant offered the testimony of Dr. Bryan Bullard, a podiatric physician, who was to testify that F.G.'s injuries might have been accidental. The State objected to Dr. Bullard's testimony on the basis that he is not qualified as an expert on burns in general and, particularly, not on whether a burn was accidentally caused. After voir dire was conducted on Bullard's qualifications, the trial court sustained the State's objection.

During the charge conference, appellant requested the inclusion of the lesser-included offense of injury to a child by criminal negligence. The abstract portion of the charge instructed the jury that conduct means an act or omission and its accompanying mental state. The charge defined criminal negligence as a result of conduct offense and stated that a person is criminally negligent if "he ought to be aware of a substantial and unjustifiable risk that the result will occur." In addition to charging the jury on intentionally, knowingly, or recklessly causing serious bodily injury to F.G., the application portion of the charge provided,

> If you find from the evidence beyond a reasonable doubt that on or about the 24th day of January, 2009, in Gray County, Texas, the defendant, JACKLYN JANETTE KEENER, did then and there, by criminal negligence, cause serious bodily injury to F.G., a child 14 years of age or younger, by causing F.G.'s feet to contact a substance that burned the feet of F.G., then you will find the Defendant guilty of INJURY TO A CHILD, a lesser included offense.

3

Appellant did not object to the jury charge. The jury returned a verdict finding appellant guilty of criminal negligence, but not finding appellant guilty of intentionally, knowingly, or recklessly causing such injury.

Concurrent to entry of judgment, the trial court also issued an order imposing conditions of community supervision. In it, appellant was ordered to pay $750 in court-appointed attorney's fees. However, nothing in the record reflects how these fees were calculated.

By her appeal, appellant presents four issues. Appellant's first issue contends that the evidence is insufficient to show that appellant acted with criminal negligence as opposed to failing to act. By her second issue, appellant challenges the jury charge as authorizing a verdict of criminal negligence by omission. Appellant's third issue challenges the exclusion of Dr. Bullard's testimony. By her fourth issue, appellant contends that there is insufficient evidence to support the order that appellant repay her court-appointed attorney's fees.

Sufficiency of Evidence – Criminal Negligence

By her first issue, appellant contends that the evidence is insufficient to show that she *acted* with criminal negligence. While acknowledging that it is not criminal negligence to commit injury to a child by omission, the State points to certain of appellant's acts as constituting criminal negligence leading to F.G.'s injuries.

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could

4

have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

Serious bodily injury to a child is a first-degree felony if committed intentionally or knowingly, and a second-degree felony if committed recklessly. *See* TEX. PENAL CODE ANN. § 22.04(a), (e); *Villanueva v. State*, 227 S.W.3d 744, 748 n.17 (Tex. Crim. App. 2007). For it to be an offense, criminally negligent injury to a child must be by act. *See* TEX. PENAL CODE ANN. § 22.04(a); *Villanueva*, 227 S.W.3d at 748 n.17. By contrast, criminally negligent injury to a child by omission is not an offense at all. *Villanueva*, 227 S.W.3d at 748 n.17. An omission is a failure to act. TEX. PENAL CODE ANN. § 1.07(a)(34) (West Supp. 2013).

In an injury to a child case, the focus is on the result of the defendant's conduct. *Jefferson v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006). A person acts with criminal negligence when he takes some action and ought to be aware of a substantial and unjustifiable risk that the result (in this case, injury to a child) will occur. *See* TEX. PENAL CODE ANN. § 6.03(d) (West 2011). "The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." *Id.*

In the instant case, by its verdict, the jury rejected the theories that appellant caused F.G.'s injuries intentionally, knowingly, or recklessly. However, the jury did find appellant guilty of causing F.G.'s injuries by criminal negligence. Appellant challenges whether the evidence was sufficient to establish that appellant acted in a manner that was criminally negligent. Two witnesses testified that, on the night F.G. sustained his injuries, appellant went into the bathroom to prepare to bathe the children. Cecil Martinez, a CPS investigator, testified that appellant told him that she turned on the hot water before stepping out of the room for a minute. Casey Ingersoll, a Pampa Police Detective, testified that appellant told him that she was aware that the new water heater produced water at very high temperatures, even estimating that the water could get up to 200 degrees. While there is no direct evidence that appellant put F.G. into the bathtub before leaving the room with the water running, there was testimony from Eddie Graham, appellant's former live-in boyfriend, that F.G. could probably get into the tub by himself at that time. Viewing all of this evidence in the light most favorable to the jury's verdict, as we must, we conclude that there was sufficient evidence presented to allow

6

the jury to rationally conclude that appellant acted with criminal negligence when she ran hot bath water while aware that the water was capable of reaching scalding temperatures and either placed F.G. in the bathtub or left F.G. unattended even though she was aware that he could get into the bathtub on his own.

We overrule appellant's first issue.

## Jury Charge

By her second issue, appellant contends that the jury charge was erroneous and caused appellant egregious harm because it allowed the jury to find her guilty of criminal negligence by omission. The State responds contending that the charge was not erroneous but, even if it is found to have been erroneous, such error did not cause appellant egregious harm.

In reviewing a claim of jury charge error, we must first determine whether the charge was, in fact, erroneous. *See Almanza v. State,* 686 S.W.2d 157, 174 (Tex. Crim. App. 1985) (op. on reh'g) (en banc). When, as here, appellant failed to object to the charge on the grounds raised on appeal, reversal is merited "only if the error is so egregious and created such harm that [appellant] 'has not had a fair and impartial trial' . . . ." *Id.* at 171. Errors of the type that cause such egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory. *Chaney v. State*, 314 S.W.3d 561, 568 (Tex. App.—Amarillo 2010, pet. ref'd) (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)). To conduct an egregious harm analysis, we consider the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the

7

argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Almanza*, 686 S.W.2d at 171.

In the present case, the jury charge instructed the jury that, "[a] person acts with criminal negligence, or is criminally negligent, with respect to the result of his *conduct* when he ought to be aware of a substantial and unjustifiable risk that the result will occur." (emphasis added). The jury charge defined conduct as "an act *or omission* and its accompanying mental state." (emphasis added). As discussed above, criminally negligent injury to a child by omission is not an offense at all. *See* TEX. PENAL CODE ANN. § 22.04(a); *Villanueva*, 227 S.W.3d at 748 n.17. Consequently, the definitions in the abstract portion of the jury charge authorized the jury to convict appellant for criminally negligent injury to a child by omission when that is not a penal offense.

However, because appellant was charged with intentionally, knowingly, or recklessly causing serious bodily injury to a child, each of which can be established by proof of act or omission, *see* TEX. PENAL CODE ANN. § 22.04(a), it was not error for the trial court to define conduct as including omissions.[2] *See Patrick v. State*, 906 S.W.2d 481, 491-492 (Tex. Crim. App. 1995) (when more than one conduct element is charged, it is not error for the charge to define all such conduct elements). Rather, it is error if the

---

[2] In fact, the Texas Court of Criminal Appeals has held that, because the "act or omission" language of the statute penalizing injury to a child is the means of committing the course of conduct element of injury to a child, the jury need not be unanimous about whether a defendant injured the child by act or omission. *Jefferson*, 189 S.W.3d at 312. However, because the charge in *Jefferson* only alleged that appellant intentionally or knowingly caused serious bodily injury to the child, which is an offense whether by act or omission, *see* TEX. PENAL CODE ANN. § 22.04(a), it did not address the issue of whether a jury must be unanimous about whether a defendant caused injury to a child by criminally negligent act or omission. *See id.* at 309. However, the Court has held that the trial court should limit the definitions in the jury charge "to the kind of mental state which the . . . statute criminalizes." *Haggins v. State*, 785 S.W.2d 827, 828 (Tex. Crim. App. 1990).

trial court did not limit the definition of conduct, as applied to the charge of criminal negligence, to appellant's actions only. *Id.* at 492.

In the present case, the trial court did not limit the definition of conduct by the application paragraph of the charge. The criminal negligence application paragraph in the trial court's charge states,

> If you find from the evidence beyond a reasonable doubt that on or about the 24th day of January, 2009, in Gray County, Texas, the defendant, JACKLYN JANETTE KEENER, did then and there, by criminal negligence, cause serious bodily injury to F.G., a child 14 years of age or younger, by causing F.G.'s feet to contact a substance that burned the feet of F.G., then you will find the Defendant guilty of INJURY TO A CHILD, a lesser included offense.

Nothing in this application paragraph limits the proscribed conduct, which was previously defined as including both acts and omissions, to appellant's affirmative acts. Therefore, we conclude that the trial court's charge on criminally negligent injury to a child was erroneous.

Because appellant failed to object to the jury charge on this basis at trial, we will reverse only if this error is so egregious that it denied appellant a fair and impartial trial. *See Almanza,* 686 S.W.2d at 171. In making this determination, we will consider the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.*

The jury charge did not limit the jury to considering only appellant's actions in determining whether appellant was criminally negligent. The State's theory of the case was that appellant intentionally held F.G. in the scalding water for an extended period of

9

time, while appellant's theory of the case was that someone else was responsible for the burns to F.G.'s feet. While the State's theory of the case focused on alleged actions by appellant, the jury impliedly rejected this theory when it did not find appellant guilty of intentionally causing injury to F.G. During closing arguments, the State told the jury that they could find appellant guilty because of her failure to act when it argued, "The Defendant is guilty of refusing to take [F.G.] to the hospital for medical care and the Defendant is guilty of refusing to learn how to treat those injuries subsequent to the accident." While it is true that the jury could find appellant guilty of intentionally, knowingly, or recklessly causing F.G. serious bodily injury by omission, nothing in the jury charge or the State's closing argument informed the jury that it could not find appellant guilty of negligently causing F.G. serious bodily injury by omission. Finally, the evidence that was presented to the jury would have allowed the jury to conclude that appellant was negligent in failing to supervise her children. However, this would be negligence by omission.

After considering each of the *Almanza* factors, we conclude that the trial court's erroneous jury charge was so egregious that it denied appellant a fair and impartial trial. *See id.* Accordingly, we sustain appellant's second issue, reverse the trial court's judgment, and remand the case for a new trial. *See Chaney*, 314 S.W.3d at 573 (reversing judgment and remanding for new trial after finding egregious charge error).

### Exclusion of Expert & Assessment of Attorney's Fees

Appellant's third issue would, if sustained, result in reversal of the trial court's judgment and remand for new trial. *See Dietz v. State*, 123 S.W.3d 528, 533 (Tex.

App.—San Antonio 2003, pet. ref'd) (reversing judgment and remanding for new trial after finding erroneous exclusion of evidence affected appellant's substantial rights). Appellant's fourth issue, if sustained, would result in reformation of the judgment. *See Mayer v. State*, 274 S.W.3d 898, 901-02 (Tex. App.—Amarillo 2008), *aff'd*, 309 S.W.3d 552 (Tex. Crim. App. 2010) (reforming judgment to delete erroneous assessment of attorney's fees and affirming the judgment as modified). Because appellant's remaining issues would entitle her to no more relief than that we have already ordered, we need not address appellant's remaining issues. *See* TEX. R. APP. P. 47.1.

## Conclusion

Having sustained appellant's second issue, we reverse the judgment of the trial court and remand for a new trial.


Mackey K. Hancock
Justice


Publish.