ACCEPTED
13-14-00530-cr
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/8/2015 10:36:01 PM
CECILE FOY GSANGER
CLERK

NO. 13-14-00530-CR

IN THE

COURT OF APPEALS FOR THE

THIRTEENTH SUPREME JUDICIAL DISTRICT

CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/8/2015 10:36:01 PM
CECILE FOY GSANGER
Clerk

_____

ROBERTO CARDENAS GARZA

VS.

THE STATE OF TEXAS

_____

ON APPEAL FROM THE

206th JUDICIAL DISTRICT COURT

EDINBURG, HIDLAGO COUNTY, TEXAS

IN CAUSE NO. CR-4064-11-D

_____

## APPELLANT'S BRIEF

_____

ALFREDO MORALES, JR.
ATTORNEY AT LAW
P.O. BOX 52942
MCALLEN, TX  78505
(956) 536-8800 TEL
(956) 381-4269 FAX
EMAIL: amjr700@gmail.com
APPELLANT'S COUNSEL

ORAL ARGUMENT WAIVED

IDENTITY OF PARTIES AND COUNSEL

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case.  This representation is made so that the judges of this court may properly evaluate said information to determine the existence of any reason which would require his/her disqualification or recusal from the case at bar.

A.  Parties

    Appellant:               Pedro Cantu Villalobos

    Appellee:              State of Texas

B.  Counsel at Trial

    For Appellant:        Rogelio Garza
                              Attorney at Law
                              310 W. University
                              Edinburg, TX  78539

    For Appellee:         Joaquin Zamora, ADA
                              Hidalgo County Dist. Atty.
                              100 N. Closner
                              Edinburg, TX  78539

C.  Counsel on Appeal

    For Appellant:        Alfredo Morales, Jr.
                              P.O. Box 52942
                              McAllen, TX  78505

    For Appellee:         Ted Hake, ADA
                                Hidalgo County Dist. Atty.
                              100 N. Closner
                              Edinburg, TX  78539

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . iii - iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . 1

APPELLANT'S SOLE POINT OF ERROR . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . 2 - 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . 3

ARGUMENT UNDER SOLE POINT OF ERROR . . . . . . . . 3 - 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . 13 - 14

PRAYER . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . 15

INDEX OF AUTHORITIES

STATUTES

Texas Penal Code

Section 6.03(a) . . . . . . . . . . . . . . . . . 5

Section 6.03(b) . . . . . . . . . . . . . . . . 6

Section 7.02 . . . . . . . . . . . . . . . . . . 11

Section 19.03(a)(2) . . . . . . . . . . . . . . . 5

CASES

United States Supreme Court

Jackson v. Virginia, 116 S.Ct. 717 (1996) . . . . 4

Texas Court of Criminal Appeals

Brooks v. State, 323 S.W.3d 895 (Tex. Crim. App. 2010) . . . . . . . . . . . . . . . . . . . 4

Burden v. State, 55 S.W.3d 608 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . 4

Denton v. State, 911 S.W.2d 388 (Tex. Crim. App. 1995) . . . . . . . . . . . . . . . . . . . 4

Fuentes v. State, 991 S.W.2d 267 (Tex. Crim. App. 1999) . . . . . . . . . . . . . . . . . . . 5

Gross v. State, 380 S.W.3d 181 (Tex. Crim. App. 2012) . . . . . . . . . . . . . . . . . . . 12

Haggins v. State, 785 S.W.2d 827 (Tex. Crim. App. 1990) . . . . . . . . . . . . . . . . . . . 6

Malik v. State, 953 S.W.2d 234 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . 4

McDuff v. State, 939 S.W.2d 607 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . 5

iii

Patrick v. State, 906 S.w.2d 248 (Tex. Crim. App. 1995). . . . . . . . . . . . . . . . . . . . . 6

Rodriguez v. State, 146 S.W.3d 674 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . 6

Salazar v. State, 86 S.W.3d 640 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . . 7

Turner v. State, 805 S.W.2d 423 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . 6

Turro v. State, 867 S.W.2d 43 (Tex. Crim. App. 1993) . . . . . . . . . . . . . . . . . . . . . . 5

Texas Courts of Appeals

Delgado v. State, 840 S.W.2d 594 (Tex. App. – Corpus Christi 1992) . . . . . . . . . . . . . . . 7

Erivin v. State, 333 S.W.3d 151 (Tex. App. – Houston [1st Dist.] 2010) . . . . . . . . . . . . . . . . 13

Montgomery v. State, 198 S.W.3d 67 (Tex. App. – Ft. Worth 2006) . . . . . . . . . . . . . . . . . . . 8

Murray v. State, 24 S.W.3d 881 (Tex. App. – Waco 2000) . . . . . . . . . . . . . . . . . . . . . . 4

Wooden v. State, 101 S.W.3d 542 (Tex. App. – Ft. Worth 2003) . . . . . . . . . . . . . . . . . . . 13

iv

STATEMENT OF THE CASE

Appellant Roberto Cardenas Garza was charged by indictment with the offense of capital murder. More specifically, the State alleged at trial that Appellant, on or about August 15, 2011, did then and there intentionally and knowingly cause the death of David Alejandro Martinez by shooting him with a firearm while in the course of committing or attempting to commit the offense of kidnapping. (RR. Vol. 31, p. 16). The Appellant entered a not guilty plea to the charge before the jury at his formal arraignment. (RR. Vol. 31, p. 16, ln. 21)

After the State presented its evidence, the jury found the Appellant guilty of the offense of capital murder as charged in the indictment, (RR. Vol. 33, p. 58), and the trial court then imposed an automatic life sentence, without parole in accordance with the law. (RR. Vol. 33, p. 63).

Appellant then filed his notice of appeal with the trial court.

1

APPELLANT'S SOLE POINT OF ERROR

APPELLANT'S SOLE POINT OF ERROR:

The evidence introduced at the Appellant's trial was legally insufficient to support the jury's guilty verdict for the offense capital murder.

STATEMENT OF FACTS

The evidence presented at trial showed that, late in the afternoon of August 17, 2011, police responded to a call of a body found in an open filed at a remote location in western Hidalgo County, Texas. The initial investigation revealed the possibility of several "persons of interest," including the Appellant.

While police officers were executing a search warrant at Appellant's house for possible evidence relating to the body discovered in the open field (but unbeknownst to Appellant), Appellant was arriving at his house. Alarmed by the number of officers and police units at his house, he did not stop. Not knowing what to do, he immediately contacted his lawyer (who was representing him in an unrelated drug case) and asked for his advice. His lawyer, believing the presence of police was related to his drug

2

case, advised him to stop and return to the residence.

Appellant promptly returned to his residence, but was told he could not go in.  He was then detained and taken to the Hidalgo County Sheriff's Department, where police interrogated him for over 20 hours, resulting in three separate statements in which he ultimately admitted to being present when the person, later identified to be the body found in the open field, was killed.  (RR. Vols. 31 – 32).

## SUMMARY OF THE ARGUMENT

The evidence introduced at the Appellant's trial was legally insufficient to prove all of the elements of the offense of capital murder beyond a reasonable doubt.

## APPELLANT'S SOLE POINT OF ERROR

### THE EVIDENCE ADDUCED AT APPELLANT'S TRIAL WAS LEGALLY INSUFFICIENT TO SUPPORT THE JURY'S GUILTY VERDICT FOR THE OFFENSE OF CAPITAL MURDER

Appellant contends that the evidence presented for the jury's consideration at his trial was legally insufficient to prove beyond a reasonable doubt that, on the date alleged by the State in the indictment, he intentionally and knowingly caused the death of David Alejandro Martinez.

In reviewing the legal sufficiency of the evidence,

3

the appeals court examines all of the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 116 S.Ct. 717 (1996); Denton v. State, 911 S.W.2d 388 (Tex. Crim. App. 1995). The Texas Court of Criminal Appeals has determined that the legal sufficiency review is the only standard that an appellate court must review to ascertain whether the evidence is sufficient to support each element that the State is required to prove to the jury. Brooks v. State, 323 S.W.3d 895 (Tex. Crim. App. 2010). This standard is the same for both direct and circumstantial cases. Burden v. State, 55 S.W.2d 608 (Tex. Crim. App. 2001). The evidence is measured by the elements of the offense as defined by a hypothetically correct charge for the case, Malik v. State, 953 S.W.2d 234 (Tex. Crim. App. 1997), and the appeals court considers all the evidence adduced at trial, regardless of whether or not it was properly admitted. Murray v. State, 24 S.W.3d 881 (Tex. App. – Waco 2000). The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and of the strength of the evidence, and it may choose to believe or disbelieve any portion of the witnesses'

4

testimony.  Fuentes v. State, 991 S.W.2d 267 (Tex. Crim. App. 1999).  When faced with conflicting evidence, the appeals court presumes the jury resolved conflicts in favor of the prevailing party.  Turro v. State, 867 S.W.2d 43 (Tex. Crim. App. 1993).  Moreover, the appeals court may not overturn a jury's verdict, but must affirm the verdict if it determines that, based on the evidence presented, any rational trier of fact could have found all the essential elements of the charged crime beyond a reasonable doubt. McDuff v. State, 939 S.W.2d 607 (Tex. Crim. App.1997).

In the case at bar, in order to prevail under the foregoing legal standard, the State had to prove beyond a reasonable doubt that the Appellant, on the specified date, intentionally and knowingly caused the death of another in the course of committing a kidnapping.  Tex. Pen. Code, Sect. 19.03(a)(2).  Under the law, a person acts "intentionally," or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result, Tex. Pen. Code, Sect. 6.03(a), and acts "knowingly," or with knowledge, with respect to the nature of his conduct or to circumstances surrounding

5

his conduct when he is aware of the nature of his conduct or that the circumstances exist.  A person acts knowing, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.  Tex. Pen. Code, Sect. 6.03(b).

Moreover, in a capital murder case, the State must prove that the accused committed the underlying aggravating crime (in this instance, kidnapping), Patrick v. State, 906 S.W.2d 2481 (Tex. Crim. App. 1995); Rodriguez v. State, 146 S.W.3d 674 (Tex. Crim. App. 2004), and also prove that the accused not only intended to engage in in the act that caused the death, but that he had the specific intent to cause the death of the individual.  Turner v. State, 805 S.W.2d 423 (Tex. Crim. App. 1991).

Given the statutory definitions, it is clear that the mental state criminalized is the state of mind that contemplates the prohibited result.  See, Haggins v. State, 785 S.W.2d 827 (Tex. Crim. App. 1990).  In this particular case, then, the State had to prove, beyond a reasonable doubt, that Appellant, on or about , intentionally or knowingly caused the death of David Alejandro Martinez.

As the record on appeal demonstrates, the State's witnesses, together physical and forensic evidence

6

introduced at trial, failed to establish beyond a reasonable doubt that Appellant intentionally or knowingly – and with the requisite specific intent – killed David Martinez.

Before addressing the legal insufficiency of the evidence, the Appellant readily acknowledges that he gave three detailed statements to the police regarding the events leading up to that fateful day.  But it is well settled law that a person may not be convicted upon his confession alone; rather, the State must establish all the elements of the crime for which he is charged totally independent of the confession.  In short, there must be sufficient, independent evidence tending to corroborate the facts contained in the confession.  Salazar v. State, 86 S.W.3d 640 (Tex. Crim. App. 2002); Delgado v. State, 840 S.W.2d 594 (Tex. App. – Corpus Christi 1992).

The evidence in the case at bar, contrary to the Assertion of the State at trial, corroborates the Appellant's statements that he did not harbor the specific intent to kill Martinez, as alleged in the indictment.

Appellant openly admits to putting the zip ties on Martinez, but only at the insistence (and under the direction) of "Pepe," and then accompanying them to the

7

open filed where Villarreal was ultimately murdered. However, none of those acts rose to the level of having engaged in the intentional and knowing conduct contemplated by the statute. Proof of a culpable mental state invariably depends upon circumstantial evidence, Montgomery v. State, 198 S.W.3d 67 (Tex. App. – Ft. Worth 2006), and intent can be inferred from the facts and circumstances regarding the event in question. Patrick v. State, Id, supra.

However, a close examination of the Appellant's statements does not show that, by engaging in the conduct in which he admits doing, it was "his conscious objective or desire to engage in the conduct or cause the result," or that "he (was) aware that his conduct (was) reasonably certain to cause the result." In other words, by having placed the zip ties on Martinez and then travelling in the pickup truck (as a passenger) to the remote area, it was not Appellant's "conscious objective or desire" to cause Martinez's death; or, that, even by having engaged in such conduct, he had the specific intent to cause his death.

The evidence introduced at trial in this case, when

8

coupled with the Appellant's statements to the police, clearly supports his contention that he did not engage in an act or course of conduct – with the requisite intent or knowledge as contemplated by the statute – to kidnap and kill Martinez.

The testimonial, physical, scientific and forensic evidence was scant and did not support the State's theory that Appellant intentionally and knowingly murdered Martinez, either as a principle or party.

More specifically, none of the witnesses nor any of the forensic evidence introduced before the jury established, beyond a reasonable doubt, that the Appellant killed Martinez in the course of committing, or attempting to commit, his kidnapping.

The crime scene specialists and evidence technicians collected a number of items, both at the crime scene and the Appellant's home, mechanic shop, and vehicles. However, none of the items recovered – shotgun shell, casing, zip ties, tire tracks, and empty gun holsters – was connected to the Appellant. In fact, the witnesses made clear that the evidence recovered could not be in any way attributed to the Appellant, much less tie him

9

to the murder. (RR. Vol. 31, pp. 27 – 217). Moreover, the State's expert firearms expert unequivocally testified that neither the casing nor cartridges he examined matched the one found at the crime scene, and that the weapon he test-fired was definitely not the murder weapon. (RR. Vol. 31, pp. 39 – 56).

Even the State's key witness, Jose Francisco Rodriguez, who was the person the investigation determined was the person who actually picked up Martinez and drove him over to, and dropped him off with, the perpetrators failed to identify – by name or physical description – the Appellant. In fact, when specifically asked by the State on direct examination if the person(s) who had requested that he (Rodriguez) bring them Martinez were present in the courtroom, he did not identify the Appellant. (RR. Vol. 31, pp. 242 – 262).

The State's entire case was predicated exclusively on the Appellant's three statements given to the investigators after he was arrested. (RR. Vol. 32`, pp. 56 – 276)(See also, SX 148, SX 149, and SX 151). There was a total absence of physical, testimonial, or forensic evidence to tie the Appellant to the capital murder of Villarreal.

In fact, when Appellant's counsel pointedly asked Vic

10

De Leon, the main investigator in the case, what evidence he had that Appellant had actively participated in the demise of Martinez, he candidly stated, that there was nothing "other than what Robert (Appellant) was telling me."  (RR. Vol. 32, p. 269, line 20).  He also reiterated that none of the physical or forensic evidence found at the crime scene and at the Appellant's home, mechanic shop, and vehicles connected, or even implicated, him in the kidnapping / murder of Martinez.  (RR. Vol. 32, pp. 250 – 256). When asked about the basis for the issuance of the arrest warrant, Investigator De Leon, again, stated without hesitation or reservation – "his (Appellant's) confession." (RR. Vol. 32, p. 259).

Although the Appellant was charged as a principle with the death of Villarreal, the case was submitted to the jury under the law of parties.  Sect. 7.02, Texas Penal Code.

Nonetheless, there was legally insufficient evidence to find the Appellant guilty of capital murder, under either theory.

Certainly, there was legally insufficient evidence to establish, beyond a reasonable doubt, that Appellant, alone, acting as a principle, kidnapped and murdered Martinez.  Even under the theory of the law of parties,

11

the State had legally insufficient evidence to make Appellant criminally responsible for Martinez's death. there was no evidence to show that, acting with the intent to assist the commission of the crime, the Appellant solicited, encouraged, directed or aided another person to commit the kidnapping and murder involved here.

In order to hold him criminally responsible under the law of parties for this capital murder, the State had to provide some evidence of a common scheme or understanding to commit a crime. Gross v. State, 380 S.W.3d 181 (Tex. Crim. App. 2012).

While undoubtedly the Appellant placed himself at the scene of the crime by virtue of his statements to the police, mere presence, alone, will not be sufficient to convict a person of a crime under the law of parties. In order to hold a person responsible for the conduct of another, the evidence must show that, at the time of the offense, the parties were acting together in concert for a common purpose, with each contributing some part towards the execution of the crime – here, the kidnapping and murder of Martinez. However, the evidence introduced at Appellant's trial failed to establish that Appellant encouraged the commission of the offense by acts, words,

12

or agreement.  Wooden v. State, 101 S.W.3d 542 (Tex. App. - Ft. Worth 2003); Ervin v. State, 333 S.W.3d 151 (Tex. App. – Houston [1st Dist.] 2010).

The testimonial facts adduced at trial, together with the corresponding forensic and physical evidence collected at the crime scene, and Appellant's home, business, and vehicles, failed to establish, beyond a reasonable doubt that Appellant intentionally or knowingly – and certainly with the requisite specific intent – caused the death of David Martinez.

Accordingly, examining all of the pertinent evidence in the light most favorable to the verdict, it is evidently clear that no rational trier of fact could have found all of the essential elements of the offense of capital murder beyond a reasonable doubt.

Therefore, the Appellant requests that the court sustain this point of error, reverse the jury verdict in this cause with respect to the charge of the capital murder.

## CONCLUSION

Appellant has established that the evidence adduced at his trial was legally insufficient to support the jury's guilty verdict for the offense of capital murder, because

13

the State failed to prove that Appellant intentionally, knowingly, and with the specific intent, caused the death of Martinez.

PRAYER

Therefore, in light of the foregoing facts, arguments, and legal authorities, the Appellant respectfully requests that the court reverse the jury's guilty verdict of capital murder, enter a judgment of acquittal, and discharge the Appellant.

Respectfully Submitted,

Alfredo Morales, Jr.
Attorney at Law
P. O. Box 52942
McAllen, TX  78505
(956) 536-8800 TEL
(956) 381-4269 FAX

/S/ Alfredo Morales, Jr.
_____
 ALFREDO MORALES, JR.
STATE BAR NO. 14417290

14

CERTIFICATE OF SERVICE

I, Alfredo Morales, Jr., hereby certify that a true and correct copy of the foregoing Appellant's Brief was hand-delivered to the Hon. Ted Hake, chief appellate counsel for the State, at the Hidalgo County Courthouse, 100 N. Closner, Edinburg, TX 78539, on this the 8th day of July, 2014.

/S/ Alfredo Morales, Jr.
_____
ALFREDO MORALES, JR.


CERTIFICATE OF COMPLIANCE

In accordance with Rule 9.4(i)(3) of the Amended Rules of Appellate Procedure, effective December 1, 2012, I, Alfredo Morales, Jr., counsel of record for Appellant, hereby certify that, relying on the word count of the computer program used to prepare Appellant's Brief herein, the brief contains 3,668 words.

/S/ Alfredo Morales, Jr.
_____
ALFREDO MORALES, JR.

15